**FILED**

OCT 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF
### COLUMBIA

| | |
|---|---|
| MARIO R. LENDOS, #13334-026 )<br>F.C.I.          Petitioner, )<br>1900 Simplex Ave. )<br>Big Spring vs. Texas 79720 )<br>                                )<br>                                )<br>                                )<br>ATTORNEY GENERAL FOR THE )<br>"UNITED STATES", )<br>                                )<br>and                             )<br>                                )<br>HARLEY G. LAPPIN, Dir., )<br>FEDERAL BUREAU OF PRISONS,)<br>    Redpondent(s).    )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                )<br>                                ) | Case: 1:07-cv-01898<br>Assigned To : Urbina, Ricardo M.<br>Cas   Assign. Date : 10/19/2007<br>Description: Habeas Corpus/2255<br><br>PETITION FOR<br>COMMON LAW<br>WRIT OF HABEAS CORPUS<br>BY A PERSON IN<br>FEDERAL CUSTODY |

## CONVICTION UNDER ATTACK

1.  Name and location of the court which entered the judgment of conviction under

    attack:

    United States District Court for the Central District of

    Illinois-314 Fed. Bldg., 100 N.E. Monroe, Peoria, IL 61602

2.   Date of judgment of conviction was entered:   September 22, 2005

3.   Case number:   04-40066

4.   Type and length of sentence imposed:   175 months

5.   Are you presently serving a sentence imposed for a conviction other than the conviction under attack in this motion?   _____ Yes   xx  No

6.   Nature of the offense involved (all counts)

Title 21 § 841(a)(1)

7.   What was your plea?

(Check One)   _____ Not Guilty   xx  Guilty   _____ Nolo Contenders

8.   If you entered a plea of guilty to one count or indictment, and a not guilty plea to another court or indictment, give details:

N/A

9.   If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement:

N/A

10.   Kind of trial   (Check One)   _____ Jury   xx Judge Only

11.   Did you testify at trial?   _____ Yes   xx  No

## DIRECT APPEAL

12.   Did you appeal from the judgment of conviction?   _____ Yes   xx  No

13.    If you did appeal, give the name and location of the court where the appeal was

filed, the result, the case number and date of the court's decision (or attach a copy

of the court's opinion or order):

_____N/A_____

_____

_____

14.    If you did not appeal, explain briefly why you did not:

_____N/A_____

_____

_____

(a)    Did you seek permission to file a late appeal? _____ Yes    _____ No

## POST - CONVICTION PROCEEDINGS

15.    Other than a direct appeal from the judgment of conviction and sentence, have you

previously filed any petitions, applications, or motions with respect to this

judgment in any federal court?    __XX__ Yes    _____ No

16.    If your answer to 15 was "Yes," give the following information:

(a)    **FIRST** petition, application or motion.

1)    Name of court _U.S. Dist. Court Cent. Dist. of Illinois_

2)    Nature of proceeding ___28 USC § 2255_____

_____

3)    Claims raised ___Ineffective Assistance of Counsel____

_____

4)  Did you receive an evidentiary hearing on your petition, application or motion?    _____ Yes    XX  No

5)  Result
    _____ Denied _____

    _____

6)  Date of Result _____ July 30, 2007 _____

7)  Did you appeal the result to the federal appellate court having jurisdiction?    _____ Yes    XX  No

    If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order):

    _____

    _____

8)  If you did not appeal, briefly explain why you did not:
    _____ N/A _____

    _____

    _____

(b)  As to any **SECOND** petition, application or motion, give the following information:

1)  Name of court _____ N/A _____

2)  Nature of proceeding _____

    _____

3)  Claims raised _____

4)     Did you receive an evidentiary hearing on your petition, application or motion? _____ Yes _____ No

5)     Result _____

6)     Date of result _____

7)     Did you appeal the result to the federal appellate court having jurisdiction? _____Yes _____No

If you did appeal, give the name of the court where the appeal was filed, the result, the case number, a copy of the court's opinion or order):

_____

_____

8)     If you did not appeal, briefly explain why you did not:

_____

_____

(c)     As to any **THIRD** petition, application or motion, give the following information:

1)     Name of court_____N/A_____

2)     Nature of proceeding _____

3)     Claims raised _____

4)     Did you receive an evidentiary hearing on your petition, application or motion? _____ Yes _____ No

5)    Result _____

6)    Date of result _____

7)    Did you appeal the result to the federal appellate court having

jurisdiction? _____ Yes _____ No

If you did appeal, give the name of the court where the appeal was

filed, the result, the case number, citation and date of the court's

decision (or attach a copy of the court's opinion or order):

_____

_____

_____

8)    If you did not appeal, briefly explain why you did not:

_____

_____

## CLAIMS

17.    State concisely every claim that you are being held unlawfully for. Summarize

briefly the facts supporting each claim. If necessary, you may attach extra pages

stating additional claims and supporting facts. You should raise in the application

all claims for relief which relate to the conviction under attack.

In order to proceed in federal court, you ordinarily must exhaust the

Administrative remedies available to you as to each claim on which you request action by

the federal court.

## CLAIM ONE:

### *Ineffective assistance of counsel*

1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim.)

*Counsel failed ab initio to raise or challenge any of the issues presented herein.*

2) Did you seek administrative relief as to claim one?

_____ Yes    _X_ No

If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," explain why you did not seek administrative relief:

*A Court's Judgement and Commitment Order cannot be challenged or set aside via the Bureau of Prisons (BOP) Administrative Grievance process*

## CLAIM TWO:

### *Lack of Federal Legislative Jurisdiction over the Locus in quo.*

1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim)

*See, Attached Memorandum.*

2) Did you seek administrative relief as to claim two?

_____ Yes    _X_ No

If your answer is "Yes," describe the procedure followed

and the result. If your answer is "No," explain why you did

not seek administrative relief:

*A Court's Judgment and Commitment Order cannot be*
*challenged or set aside via the Bureau of Prisons (BOP)*
*Administrative Grievance Process.*

## CLAIM THREE:

*Lack of Federal Subject Matter jurisdiction over the alleged*

*prohibitive conduct - want of Commerce Nexus.*

1)    Supporting Facts: (Without citing legal authorities or

argument state briefly the facts in support of this claim)

*See, Attached Memorandum.*

2)    Did you seek administrative relief as to claim three?

_____ Yes    __X__ No

If your answer is "Yes," describe the procedure followed

and the result. If your answer is "No," explain why you did

not seek administrative relief:

*A Court's Judgment and Commitment Order  cannot be*
*challenged or set aside via the Bureau of Prisons (BOP)*
*Administrative Grievance Process.*

## CLAIM FOUR:

*Misapplication of Federal Law, where such is unenacted,*

*unpromulgated and unimplemented.*

1)     Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim)

*See. Attached Memorandum*

2)     Did you seek administrative relief as to claim four?

_____ Yes   *X* No

If your answer is "Yes," describe the procedure followed and the result. If your answer is "No," explain why you did not seek administrative relief:

*A Court's Judgment and Commitment Order cannot be challenged or set aside via the Bureau of Prisons (BOP) Administrative Grievance Process.*

18.    Do you have any petition, application, motion or appeal now pending in any court, either state or federal, regarding the conviction under attack?

_____ Yes   xx No

If "Yes," state the name of the court, case file number (if known), and the nature of the proceeding:

_____

_____

_____

19.    State briefly why you believe that the remedy provided by 28 U.S.C. §2255

(Motion to Vacate Sentence) is inadequate or ineffective to test the legality of

your detention:

*Because the Legislative Territorial Court wherein the issues now complained of*

*arose, lacks the Constitutional and Congressional authority to entertain or*

*adjudicate the issues herein , thus a §2255 Motion could not be found to be*

*adequate, where the court of record has already demonstrated its disregard for*

*the proper application of federal law.*

**WHEREFORE**, applicant prays that the court grant him such relief to which he may be

entitled in this proceeding.

_Mario Sendos_
Applicant's Signature

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the applicant in
this action, that he/she has read this Petition and that the information contained in the
application is true and correct.

Executed at _FCI Big Spring TX_ on _10-17-07_
(Location)                      (Date)

/S/ _Mario Sendos._

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF

COLUMBIA

MARIO R. LENDOS,                         *    Cause No.

    Petitioner,                        *    RE: Cause No. ~~04-10066~~

                                   *

vs.                                      *

                                   *

ATTORNEY GENERAL FOR THE                 *    APPLICATION IN THE NATURE OF
"UNITED STATES",                              COMMON LAW WRIT OF
and                                      *    HABEAS CORPUS

HARLEY G. LAPPIN, Dir.,                   *
FEDERAL BUREAU OF PRISONS,
                                         *
    Respondent(s).                     *

                                   *

---

**BEFORE THIS HONORABLE COURT:**

    **NOW COMES,** Mario R. Lendos, Petitioner, in want of counsel, in the above styled action, (hereinafter "Petitioner"), and as for a Verified Petition for Writ of Habeas Corpus, shows the court as follows:

1.

    That the relief sought herein is provided under the Law of Habeas Corpus, in Common Law, the Constitution and the Statutes of the United States of America and the Federal Civil Court Rules and Procedures. **(See Attached Memorandum of Law with Incorporated Points and Authorities).**

2.

    That, the Petitioner is presently imprisoned and restrained of his liberty in violation of the rights thereof as set forth and guaranteed in the Constitution of the United States and Federal Laws made in conformance therewith.

3.

    That, Petitioner, herein, is incarcerated in a Federal Correctional Institution, in violation of the Constitutional Rights of the Petitioner herein, as set forth without restriction, in Article V, VI, VIII, and XIV in Amendment of the Constitution of the United States, as amended A.D. 1791.

1. APPLICATION FOR COMMON LAW WRIT OF HABEAS CORPUS

07 1898

**FILED**

OCT 1 9 2007

**NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT**

4.

That, the said incarceration of Petitioner herein, was ordered by a United States District Judge, a copy of the Order of Charging Instrument/Indictment and Order of Judgment in such case is attached herein as **Exhibit "A"**, to establish that the respondent(s) named above in the caption area, is the proper custodian(s) over the Petitioner, and thereby the appropriate parties to the instant case.

5.

That, this Court has personal jurisdiction over the respondent(s) named in the caption area above, in the nature of 28 U.S.C. § 88, 49 Stat. 1921, June 25, 1936, and the 80th Congress, House Report No. 308, it is shown that the District Court of the United States for the District of Columbia, is a Constitutional Court, rather than a Legislative-Territorial Court, and therefore is duly empowered under the Constitution to the United States of America, as amended Anno Domini 1791, and by way of an Act of Congress, to entertain the instant cause at bar, whereby the Petitioner invokes this Courts Original Jurisdiction.

6.

That, defense counsel rendered ineffective assistance, by failing ab initio to raise or challenge any of the issues raised herein.

7.

That the government moved in want of Legislative-Territorial or Admiralty Jurisdiction over the locus in quo.

8.

That, the government moved in want of Federal Subject Matter Jurisdiction by failing to charge and prove that the alleged prohibitive act transcended the borders of the sovereign state, in violation of the Federal Interstate Commerce Clause.

9.

That, there is no amendment to the Federal Constitution, ratified by three-fourths of the sovereign state to provide for nationwide jurisdiction and application of the Federal Statutory Provisions under which the Petitioner is charged.

2. APPLICATION FOR COMMON LAW WRIT OF HABEAS CORPUS

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA

MARIO R. LENDOS,                    *    Case No.

    Petitioner,                     *    RE: Case No. 04-40066

                                  *

vs.                                 *    MEMORANDUM OF LAW WITH
                                         INCORPORATED POINTS AND
ATTORNEY GENERAL FOR THE            *    AUTHORITIES
"UNITED STATES",                    *

and                                 *    IN SUPPORT OF:
                                    *
HARLEY G. LAPPIN, Dir.,             *    COMMON LAW WRIT OF
FEDERAL BUREAU OF PRISONS,          *    HABEAS CORPUS

    Respondent(s).                  *

                                    *

**BEFORE THIS HONORABLE COURT:**

    **NOW COMES,** Mario R. Lendos, in want of counsel, accused in the above referenced cause, and as for the instant Petition for Common Law Writ of Habeas Corpus, presents this Honorable Court the following:

1.

    That the relief sought herein, is provided for under the Common Law, the Constitution of the United States of America, as amended A.D. 1791, Article I § 9 Cl.2, and in the nature of 28 U.S.C. § 1651.

2.

    That this Honorable Court has personal jurisdiction over the respondent(s) named in the caption area, supra, in the nature of D.C. Code § 13-422, 28 U.S.C. § 1331, 1332 and 28 U.S.C. § 2241, where both respondents have their principle place of business within the District of Columbia.

3.

    That in the nature of **Adams v. United States**, DK. No. 97-2263 (2nd Cir. 1998), the court is compelled to entertain the instant pleading as submitted and to not attempt to construe or convert the pleadings into any other statutory provision. **United States v. Morgan**, 346 U.S. 502, 505 (1954).

4.

That the Petitioner sets forth the following with incorporated points and authorities:

(a) The jurisdiction of Federal Courts is defined in the Constitution at Article III for judicial courts, in Article I for legislative courts, and in Article IV for territorial courts. Some courts created by Acts of Congress have been referred to as "Constitutional Courts", whereas other are regarded as "Legislative Tribunals", **28 U.S.C. § 88 District of Columbia - Courts**, Act of June 7, 1934, 48 Stat. 926, and Act June 25, 1936, 49 Stat. 1921, provide that the Court of Appeals of the District of Columbia, the Supreme Court, and District court of the United States for the District of Columbia, are shown to be Constitutional Courts created under Article III of the Constitution. **See, O'Donoghue v. United States**, 289 U.S. 516 (1933), 77 L.Ed 1356, 53 S.Ct. 74, **Mookini v. United States**, 303 U.S. 201 at 205 (1938), 82 L.Ed 748, 58 S.Ct. 543, **The Federal Trade Commission v. Klesner**, 274 U.S. 145 (1927), and **Claiborne-Annapolis Ferry Co. v. United States**, 285 U.S. 382 (1932).

(b) That defense counsel failed ab initio to raise or challenge any of the issues presented herein.

(c) That the Petitioner is in custody for an act not done or committed in pursuance of an Act of Congress, or an order, process, judgment, or decree of a court or judge of the United States. As he is in custody in violation of the Constitution and the laws or treaties of the United States (**28 U.S.C. § 2241(c)(2)(3)**).

(d) That the Congressional "Controlled Substance Act of 1970" (84 Stat. 1242-1296), and its enumerated subsections have been misapplied over the petitioner, who is a private citizen, not domiciled within the jurisdiction of the United States, federal corporation (28 U.S.C. § 3002(15)(A)), or a violator of any Federal Interstate Commerce provision.

(e) That the federal statutory provisions under which the Petitioner is charged, have not been promulgated in either the federal Register or the Code of Federal Regulations, thus the legitimate application of such statutory provisions are restricted to application over the federal government only.

(f) That the government has failed ab initio to establish federal subject matter jurisdiction, where it fails to charge the sine qua non, an alleged violation of the federal Interstate Commerce statute, as a prerequisite to the subsequent charged offense.

5.

That the Petitioner now shows this Honorable Court that the federal government lacked legislative, territorial or admiralty jurisdiction over the locus in quo, and also lacked the Constitutional or Congressional authority to reach prohibitive acts alleged to be criminal in nature, which were committed within the borders of the sovereign state.

That defense counsel failed ab initio to raise or challenge the governments lack of **Federal Legislative, Territorial or Admiralty Jurisdiction** in over the locus in quo. The Petitioner argues that there is no presumption in favor of jurisdiction, wher the basis for jurisdiction must be affirmatively shown on the face of the record. See, **Hartford v. davies**, 16 S.Ct. 1051 (1896). The exclusive legislative jurisdiction of the federal government is not addressed in principle to subject matter, but to geographical location. See, **United States v. Beavans**, 16 U.S. (3 Wheat) 336 (1818). It is axiomatic that the prosecution must always prove (legislative, territorial or admiralty) jurisdiction over the geographical location whereon the alleged prohibitive acts were purported to have been committed, otherwise a conviction could not be sustained. See, **United States v. Benson**, 495 F.2d 481 (1946). Federal criminal jurisdiction is never presumed, and must always be proven and can never be waived. See, **United States v. Rogers**, 23 F. 658 (D.C. Ark. 1885). In a criminal prosecution where the federal government is a moving party it must not only establish ownership of the property upon which the crimes allegedly occurred but they must produce documentation that the state has ceded the jurisdiction to that property to them, the (view of the Supreme Court) in **Fort Leavenworth Railroad v. Iowa**, 114 U.S. 525 (1885). No jurisdiction exists in the United States to enforce federal criminal laws until consent to accept jurisdiction over acquired lands have been published and filed on behalf of the United States as provided and filed in **40 U.S.C. §§§ 255, 3111, 3112**, and that the state authorize the federal government to take and exercise jurisdiction was immaterial. See, **Adams v. United States**, 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed. 1421 (1943).

3. Memorandum of Law with Incorporated Points and Authorities

6.

The distinction that jurisdiction is more than a technical concept and is a constitutional requirement. **See**, **United States v. Johnson**, 337 F.2d 180 (affmd), 86 S.Ct. 749, 383 U.S. 169, 15 L.Ed 681 Cert. den. 87 S.Ct. 44, 134 and at 385 U.S. 846, 17 L.Ed.2.d 117. IN the United States, there are two separate and distinct kinds of jurisdiction. The jurisdiction of the states within their own territorial boundaries, and the Federal jurisdiction. Broadly speaking, the state jurisdiction encompasses the legislative power to regulate, control and govern real and personal property, individuals, and enterprises within the territorial boundaries on any given state. In contrast, Federal jurisdiction is extremely limited. In July of 1776 after declaring their independence , the new States possessed all their sovereignty , power and jurisdiction over all soil and people in their respective territorial limits. This condition of supreme sovereignty of each state over all property and persons within the borders thereof continued notwhistanding the adoption of the Articles of Confederation. In Article II, it is expressly stated:

"Each state retains it's sovereignty freedom and independence, and every power, jurisdiction, and right, which is not by this Confederation expressly delegated to the United States, in Congress assembled."

7.

As the history of the Confederation Government has shown each State was indeed sovereign and independent to the degree that it made the Central Government created by the confederation fairly ineffectual. These defects of the Confederation government strained the relation between and among the states and the remedy became calling a Constitutional Convention. The representatives which assembled at Philadelphia in May of 1787 to attend the Constitutional Convention met for the primary purpose of improving the commercial relations among the states, although the product of the convention produced more than this. But no intention was demonstrated for the states to surrender in any degree, the jurisdiction so possessed by the states at the time, and indeed the Constitution as finally drafted continued the same territorial jurisdiction of the states as existed in the Articles of Confederation. The essence of this retention of each state's jurisdiction is embodied in the Constitution at Article I, § 8 Cl. 17, of the United States of America, which reads as follows:

4. Memorandum of Law with Incorporated Points and Authorities

"To exercise exclusive Legislation in all Cases whatsoever, over such District (no exceeding ten Miles square)as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings."

8.

The reason for the inclusion of this clause in the constitution was and is obvious. Under the Articles of Confederation, the states retained full and complete jurisdiction over lands and persons within the borders. Since the time of the ratification and implementation of the present Constitution of the United States, the United States Supreme Court and all lower courts have had many opportunities to construe and apply these provisions of the Constitution. The essence of all these decisions is that the states of this Nation have exclusive jurisdiction of property and persons located within their borders, excluding such land and persons residing thereon which have been ceded to the United States. Perhaps one the earliest decisions on this point was in **United States v. Beavens**, 16 U.S. Wheat 336 (1818). This case involved a federal prosecution for murder committed on board the warship Idependence anchored in the harbor of Boston, Massachusetts. The defense argued that only the state had jurisdiction to prosecute and argued that the federal circuit courts had no jurisdiction of this crime supposedly committed within the Federal Admiralty jurisdiction. In the argument before the Supreme Court, counsel for the United States admitted as follows:

"The exclusive jurisdiction which the United States have in forts, dock-yards ceded to them is derived from express assent of the states by whom the cessions are made. It could be derived in no other manner, because without it, the authority of the states would be supreme and exclusive therein." **3 Wheat at 350, 351**.

9.

In holding that the state of Massachusetts had no jurisdiction over the crime, the court held:

"[W]hat then is the extent of jurisdiction which a state possesses?"

"We answer, without hesitation the jurisdiction of a state is co-extensive with it's territory, co-extensive with it's legislative power." **3 Wheat at 386, 387.**

"It is observable that the power of exclusive legislation (which is jurisdiction) is united with cession of territory, which is to be the free act of the states. It is difficult to compare the two sections together, without feeling a conviction not to be strengthened by any commentary on them, that in describing the judicial power, the framers of our constitution had not in view any cession of territory or, which is essentially the same of general jurisdiction." **3 Wheat at 388.**

10.

Thus in **Beavens**, the court established a principle that Federal jurisdiction extends only over the areas wherein it possesses the power of exclusive legislation, and this is a principle incorporated into all subsequent decisions regarding the extent of Federal Jurisdiction. To hold otherwise would destroy the purpose, intent and meaning of the entire Constitution of the United States. One year later the Supreme Court of New York was presented with the same issue, of whether the state of New York had jurisdiction over a murder committed at Fort Niagara, a Federal fort. In **People v. Godfrey**, 17 Johns 225 N.Y. (1819), that court held that the fort was subject to the jurisdiction of the state since the lands therefore had not been ceded to the united States, the rationale of it's opinion stated:

"To oust this state of it's jurisdiction to support and maintain it's laws and to punish crimes, it must be shown that an offense committed within the acknowledged limits of the state, is clearly and exclusively cognizable by the laws and courts of the United States. In the case already cited Chief Justice Marshall observed that to bring the offense within the jurisdiction of the courts of the union, it must have been committed out of the jurisdiction of any state. It is not (he says) the offense committed but the place in which it is committed, which must be out of the jurisdiction of the state." **17 Johns, at 233**(emphasis added).

11.

The case relied upon by this court was **United States v. Beavens,** supra. At about the same time that the New York Supreme court rendered it's opinion in **Godfrey**, a similar situation was before a Federal Court, the only difference being that the murder was committed in and occurred on lands which had been ceded to the United States. In **United States v. Cornell**, 2 Manson 60, 1 cir. (1819). The Court held that the case fell within Federal jurisdiction, describing such jurisdiction as follows:

"But although the United States may well purchase and hold lands for public purposes, within the territorial limits of a state, this does not itself oust the jurisdiction or sovereignty of such state over lands purchased. It remains until

6. Memorandum of Law With Incorporated Points and Authorities

the state has relinquished its authority over the lands either expressly or by necessary implication. When therefore a purchase of land for any of these purposes is made by the National Government and the state legislature has given its consent to the purchase, the land so purchased by the very terms of the constitution ipso facto falls within the exclusive legislation of Congress and the state jurisdiction is completely ousted." **2 Manson, at 63.**

12.

Almost 18 years later the U.S. Supreme court again was presented with a case involving the distinction between state and Federal jurisdiction. In **New Orleans v. United States**, 35 U.S. (10 pet) 662 (1836). The United States claimed title to property in New Orleans likewise claimed by the city. After holding that, tile to the subject lands was owned by the city, the court addressed the question of Federal Jurisdiction and states:

"Special provisions is made in the Constitution for the cession of Jurisdiction from the state over places where the Federal Government shall establish forts, or other military works. And it is only these places or in the territories of the United States where it can exercise a general jurisdiction." **10 Pet., at 737.**

13.

In **New York v. Miln**, 36 U.S. (11 Pet.) 102 (1837), the question before the court involved the attempt by the city of New york to asses penalties against the master of a ship for his failure to make a report as to the persons his ship brought to New York. As against the master's contention that the act was unconstitutional and that New York had no jurisdiction in the matter, the court held:

"If we look at the places of it's operation, we find it to be within the territory, and therefore, within the jurisdiction of New york. If we look at the person on whom it operates he is found within the same territorial jurisdiction." **36 U.S. at 133.**

"They are these: That a state has the same undeniable and unlimited jurisdiction over all persons and things within its territorial limits, as any foreign nation, where that jurisdiction is not surrendered or restrained by the Constitution of the United States. That by virtue of this is not only the right, but the burden and solemn duty of the state, to advance the safety, happiness and prosperity of it's people, and to provide for its general welfare by any and every act of legislation which it may deem to be conducive to these ends, where the power over the particular subject, or the matter just stated. That all those powers which relate to merely municipal legislation, or what may perhaps more properly be called internal police are not thus surrendered or restrained and that consequently in relation to these the authority of a state is completely unqualified and exclusive." **36 U.S. at 139.**

14.

Some eight years later, in **Pollard v. Hagan**, 44 U.S. (3, How.) 212 (1845), the question of Federal Jurisdiction was once again before the court. This case involved a contest of the title to real property, with one of the parties claiming a right to the disputed property via U.S. patent, the lands in question were situated in Mobile, Alabama adjacent to Mobile Bay, the court held:

"We think a proper examination of this subject will show that the United States never held a Municipal sovereignty, jurisdiction or right of soil in and to territory of which Alabama or any of the new states were formed." **44 U.S. at 221.**

"Because the United States has no Constitutional capacity to exercise Municipal Jurisdiction, Sovereignty or eminent domain within the limits of a state or elsewhere, except in cases which its expressly granted." **44 U.S. at 228, 229.**

"Alabama is therefore entitled to the sovereignty and Jurisdiction over all the territory within their limits, subject to the common law." **44 U.S. at 228,229.**

15.

The single most important case regarding the subject of Federal jurisdiction appears to be **Fort Leavenworth R. Co. v. Iowa**, 114 U.S. 525, 995 (1885), which set forth the law on this point of Federal Jurisdiction, _fully_. There the railroad company property which passes through Fort Leavenworth Federal enclave was being subject to taxation by Kansas, and the company claimed an exemption from the state taxation. In holding that the company is properly taxed, the court carefully explained Federal Jurisdiction within the states:

"The consent of the states to the purchase of lands within them for the special purpose named is however, essential, under the Constitution, to the transfer of the jurisdiction and dominion. Where lands are acquired without such consent, the possession of the United States, political jurisdiction be ceded to them in some other way is simply that of an ordinary proprietor. The property in that case, unless used as means to carry out the purposes of the government, is subject to the legislative authority and control of the states equally with the property of private individuals." **114 U.S. at 531.**

16.

The Constitution of the United States created a government which has jurisdiction over certain enumerated subject matter. It is only in these areas that Congress can enact laws, and when they do, the Federal Courts are to enforce the law. But when the laws do not come from an enumerated power, the Federal Courts are to prevent the U.S. Government or Congress from applying them.

8. Memorandum of Law With Incorporated Points and Authorities

17.

The Federal Constitution prescribes what the "jurisdiction" of the Federal Government is by the enumerated powers. That government can regulate foreign and interstate commerce, fix the standards of weights and measurements, establish uniform laws on bankruptcies, coin money and provide for the punishments of counterfeiting of the coins and securities of the United States, protect the arts and sciences by copyrights and patents, punish for piracies and felonies committed on the high seas, raise and support an army and navy, and lay and collect direct taxes by apportionment , and indirect taxes by excise, duties or imports.

18.

This is about the extent of the legitimate jurisdiction of the federal United States Government. It is only these areas, **supra** ,that a "crime (or offense) against the federal United States" can exist, and this is only when Congress actually passes a Law in one of these areas. But an act committed within a State, whether for good or a bad purpose, or whether with honest or a criminal intent, cannot be made an offense against the United States, unless it has some relations to the execution of a power of Congress, or to some matter within the jurisdiction of the United States.

19.

**United States v. Fox**, 95 U.S. 670, 672 (1877)."[T]he courts of the United States, merely by virtue of this grant or judicial power, and in the absence of legislation by Congress, have no criminal jurisdiction. The criminal jurisdiction of the Courts of the United States is wholly derived from the Statute of the United States. **Manchester V. Massachusetts**, 139 U.S. 240, 262 (1890), **United States v. Flores**, 289 U.S 137, 151 (1932). Acts of Congress, as well as the Constitution, must generally unite to give jurisdiction to a particular court. **U.S. v. Bedford**, 27 Fed. Cas., p.91, 103, Case No. 15,867 (1847).

20.

The Federal Courts only have jurisdiction in matters involving an "offense against the United States," and nothing can be an offense against the United States unless it is made so by Congressional Act pursuant to the U.S. Constitution. There is no other source from which Congress can get authority to make law, including the Common Law. Thus it has been said that, "There is no Federal Commom Law."

9. Memorandum of Law With Incorporated Points and Authorities

21.

But the better way of sating this is to say, **"There are no Common Law Offenses** (or crimes) **against the United States." United States v. Britton**, 108 U.S. 199, 206 (1882), **United States v. Eaton**, 144 U.S. 677, 687 (1891), **United States v. Gradwell**, 243 U.S. 476, 485 (1916), **Donnelley v. United States**, 276 U.S. 505-511 (1927), **Jerome v. United States**, 318 U.S. 101, 104 (1942), **Norton v. United States**, 92 F.2d. 753 (1937). In other words, the Common Law is not a source for criminal jurisdiction as it is in the States. **United States v. Grossman**, 1 F.2d. 941, 950-51 (1924).

22.

By "jurisdiction" is meant the authority of the Federal courts to hear and decide a matter. Thus it is even more correct to say that, "The Federal Courts have no jurisdiction of Common Law offenses, and there is no jurisdiction of Common Law Offenses, and there is no abstract pervading principle of the Common Law of the Union under which we (Federal Courts) can take jurisdiction." **State of Pennsylvania v. Wheeling & Belmont Bridge Co.**, 54 U.S. 518, 563 (1851).

23.

If Congress tries to make a Common Law Offense a crime (such as libel, drugs, theft, burglary, murder, kidnapping, arson, rape, abortion, assault, fraud, etc.), which have no relation to an enumerated power, it would simply be an "unconstitutional" act. Congress can declare nothing to be a crime to except where it is based upon a delegated power. Thus the only thing that can be a crime against the "United States" is that which comes from the U.S. Constitution. These concepts were stated early on by the U.S. Supreme Court:

"In relation to crimes and punishments, the objects of the delegated power of the Unite States are enumerated and fixed. Congress may provide for the punishment of counterfeiting the securities and current coin of the United States, and may define and punish piracies and felonies committed on the high seas, and offenses against the Law of Nations. Art.§8***, but there is no reference to a Common Law authority. Every Power is [a] matter of definite and positive grant, and the very power that are granted cannot take effect until they are exercised through the medium of a law." **The United States v. Worrall**, 2 Dall. (2. U.S.) 384, 391 (1798).

10. Memorandum of Law With Incorporated Points and Authorities

24.

A Constitution is to not to be made to mean one thing at one time, and another at some subsequent time when the circumstances have changed, as perhaps to make a different rule in the case seem desirable. A principal share of the benefit expected from written constitutions would be lost if the rules they establish were so flexible as to bend to circumstances or be modified by public opinion. [A] court or legislature which should allow a change in public sentiment to influence it in giving to a written constitution a construction not warranted by the intention of its founders, would be justly chargeable with reckless disregard of official Oath (**28 U.S.C. § 453 & 18 U.S.C. § 1621**) and public duty. And if it's course could become a precedent, these instruments would be of little avail. What court is to do, therefore, is to declare the law as written. **T.M. Cooley, A treatise on the Constitutional Limitation**, 5th Ed., pp. 54,55., rather than be swayed by political ambition and the unlawful usurpation of police powers. Chief Justice, John Marshall stated:

"We [Judges] have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the Constitution." **Cohens v. Virginia**, 6 Wheat, 19 U.S. 264, 404 (1821).

25.

The district court erred in not determining jurisdiction prior to entertaining the cause.

**a. Standard of Review.**

The court's duty to resolve the jurisdiction of the court, regardless of who brings the action, the court must make a legal finding as to it's authority to take venue and jurisdiction, before the court moves to entertain the cause before it. **20 Am.Jur.2d. § 60 , pg.451.**

**§60 Power and Duty to Determine Jurisdiction**

A court has the power and duty to examine and determine wether it has jurisdiction of a matter presented to it. A court of general jurisdiction possesses the authority to initially determine it's own jurisdiction. A court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal. Nevertheless, the question of jurisdiction should be considered by he court before it looks at other matters involved in the case, such as whether the parties are entitled to a jury trial. It may, and must, do this on it's own motion. Courts are bound to take notice of the limits of their authority , and if a want of jurisdiction appears at any stage of the proceedings, original or appellate, the court should notice the defect and enter an appropriate order. In discovering jurisdictional facts the courts may consider the complaint, motions, affidavits, or any other evidence.

11. Memorandum of Law With Incorporated Points and Authorities

### §63 Jurisdiction as dependent on application for relief

The general rule is that the court cannot adjudicate a controversy on its own motion; it can do so only when the controversy is presented to it by a party and only f the case is presented to it in the form of a proper pleading. A court has no power either to investigate facts or to initiate proceedings. When a statute prescribes a mode of acquiring jurisdiction, that mode must be followed or the proceedings and resulting judgment will be void and the judgment subject to collateral attack.

### §66 Effect of lack of jurisdiction

The proceedings of a court without jurisdiction of the subject matter are a nullity; that is, when a court decides a matter without jurisdiction, the whole proceeding is as if it had never happened. Stated alternately, proceedings conducted or decisions made by a court are legally void when there is an absence of jurisdiction over the subject matter.

If there is an absence of jurisdiction over either the person or the subject matter, a court has no power to act. If a trial court lacks subject matter jurisdiction, it does not have the authority to resolve the claims. A court devoid of jurisdiction over the case cannot hear the case or consider the merits of the case, cannot make a decision or order in favor of either party, cannot dismiss the complaint for failure to state a claim, and cannot render a summary judgment, as such a decision would be on the merits of the action. **It can only dismiss the case for want of jurisdiction.** However, a court can set aside orders it made before the want of jurisdiction was discovered. A judgment by a court cannot be affirmed where the court had no right to act. pending on appeal or certiorari, the nisi prius court is without jurisdiction over any issue pending on review, and it's action upon these matter is **coram non judice.**

26.

The Petitioner asserts that the District Court lost it's jurisdiction, once it failed to determine jurisdiction to hear this case at bar <u>before proceeding with sentencing and/or trial.</u>

27.

The question of challenging the court, and the United States jurisdiction, was <u>never</u> waived by this petitioner, it is well settled in the law that when jurisdiction of the court and of the United States is challenged, thus **"Onus Probandi is the actor".** Onus Probandi: [b]urden of providing the burden of proof. The strict meaning of the "Onus Probandi", is that, if no evidence is adduced by the party on whom the burden is cast, the issue must be found against him, **Davis v. Rogers**, 1 Houst (del) 44. "Where jurisdiction is challenged it must be proved," **Hagan v. Lavine**, 415 U.S. 528 (1974). Because it is not sufficient that jurisdiction of the United States Courts may be inferred argumentatively from

averments in the pleadings it follows that the necessary factual predicate may not be gleaned from the briefs and arguments themselves; this principle of federal jurisdiction applies whether that case is at the trial stage or at the appellate stage.

28.

The Petitioner asserts that the court and government has not been granted jurisdiction through the Constitution of the United States, to adjudicate matters beyond the legislative jurisdiction of the United States. The courts and government have failed to offer proof, or make findings and conclusions of law, as to the jurisdiction in the above alleged criminal action. "A court cannot proceed at all in any case without jurisdiction but must announce the fact and dismiss the cause." **See, Ex Parte McCardle**, 7 Wall 506, 19 L.Ed. 264. Before considering each of the standing theories, it is appropriate to restate certain basic principles that limit the power of every Federal Court. Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the constitution and statutes enacted by Congress, pursuant thereto. **See e.q., Marbury v. Madison**, 1 Cranch 137, 173-180, 2 L.Ed. 60 (1803). For that reason, every Federal District Court has a special obligation to "satisfy itself not only of its jurisdiction, but also that of the lower courts in a cause under review," even though the parties are prepared to concede it. **Mitchell v. Maurer**, 293 U.S. 237, 244, 79 L.Ed.2d 338, 55 S.Ct. 162 (1934), **See, Judice v. Vail**, 430 U.S. 327, 331, 332, 51 L.Ed.2d 376, 97 S.Ct. 1211 (1977)(standing), "and if the record discloses that the lower court was without jurisdiction (such as in this case) this court will notice the defect, although the parties make no contention concerning it." **See, Bender v. Williams Port Areas School District**, 475 U.S. 534, 89 L.Ed.2d 501, 106 S.Ct. 1326. When the lower Federal Court lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely fort the purpose of correcting the error of the lower court in entertaining the suit. **See, United States v. Corrick**, 298 U.S. 435, 440, 80 L.Ed. 1263, 56 D.Vy. 829 (1936). **See also, Summer v. Mata**, 449 U.S. 539, 547-548 n.2, 66 L.Ed. 722, 101 S.Ct. 764 (1981), **City of Kenosha v. Bruno**, 412 U.S. 507, 511, 37 L.Ed.2d 109, 93 S.Ct. 2222 (1973), **Clark v. Paul Gray, Inc.**, 306 U.S. 583, 588, 83 L.Ed. 1001, 59 S.Ct. 744 (1939), **St. Paul Mercury Indemnity Co. v. Red Cab Co.**, 303 U.S. 283, 287-288 n.10, 82 L.Ed. 845, 58 S.Ct. 586 (1939). This obligation to notice defects in a court of appeals, subject matter jurisdiction, assume a special importance when a constitutional

13. Memorandum of Law With Incorporate Points and Authorities

question is presented. In such cases we have strictly to the standing requirements to ensure that our deliberations will have benefit of adversary presentation and full development of the relevant facts. The court must be mindful that the powers of the legislature are defined and limited and that those limits may not be mistaken or forgotten, the constitution of the United States of America has been written indeed  this is the very essence of the judicial duty. **See, Marbury v. Madison**, 5 U.S. 137, 176-178, 1 Cranch 137 (1803). **See also, Bell v. Maryland**, 378 U.S. 266, 224 (1964)(Douglas J. Concurring). "A district court are courts of limited jurisdiction, which has only powers conferred on it by this Title under 28 U.S.C. Article III, and cannot assume jurisdiction." **See, Standard v. Olesen**, 74 S.Ct. 673, 83 L.Ed. 111. It is clear that federal jurisdiction does not rest in federal statutes that do not invest exclusive jurisdiction. Neither statute governing courts authority not the statute governing the charged crime invest exclusive authority of the subject matter to justify the abrupt (police power) removal of this Petitioner from the States jurisdiction, by the Federal Government. The Supreme Court in **Housenbaum v. Bauer**, 120 U.S. 450 (1887), searching the language of the statute to see if jurisdiction is conferred by a statute stated:

"Here we are bound by statute and not by States alone, but by an act of Congress, which obliges us to follow the State statute and State practice. The Federal Courts are bound by hand and foot, and are compelled and obliged by the federal legislature to obey the State law."

29.

The Petitioner contends that such rules prevail where it appears from the record that the court was without jurisdiction, of either person or subject matter. For the record, where it appears from the record that the court did not have jurisdiction of the person or the subject matter, there is no conclusive presumption to preclude an injury into the fact and to prevent a declaration of the invalidity of the judgment. A record which affirmatively shows want of jurisdiction is of itself, **conclusive as that fact**.

30.

Moreover a district judge may and must check for the courts jurisdiction to proceed, in the pleading proceeding. He must do this on his own motion without waiting for the question of lawful jurisdiction to be raised by any of the parties involved in the proceedings. he is charged to know that the court proceedings

14. Memorandum of Law With Incorporated Points and Authorities

conducted absent jurisdiction over the subject matter are legally void and subject to collateral attack. **46 Am.Jur.2d. Judgments § 25.** As a district court judge charged with knowledge that jurisdiction is the authority to hear and determine a specific case within a class of cases over which the court has subject matter jurisdiction. Also awareness that this court is subject to **Territorial limitation and cannot extend** the juridical authority which comes pursuant to an act of Congress and under which behalf the court functions. Knowing that the jurisdiction of his court is limited, and can be further limited by constitutional or statutory provisions to only part of the territory of the sovereignty to which the court belongs. **Am.Jur.2d Courts § 115.**

31.

The district court that imposed the Petitioner's conviction is one of limited and special original jurisdiction, it's action must be confined to the particular cases, controversies, and parties over which the constitution and the laws have authorized it to act; any proceedings without the limits prescribed is Coran Non Judice and its actions a nullity. **See, State of Rhode Island et. al, v. Commonwealth of Mass.**, 37 U.S. 657 (1938). The statute designating the federal government charges, that if a crime does not authorize concurrent jurisdiction. **See, Adams v. United States**, 87 L.Ed. 1421. The jurisdiction to determine jurisdiction doctrine authorizes courts to issue ancillary orders while determining their own jurisdiction, and to punish criminal contempt, the violations of such orders, even though it may later be determined that the court lacks jurisdiction over the proceedings. When a court assumes jurisdiction but later discovers that it has no subject matter jurisdiction, the court must take the appropriate action, although it acted in accordance with it's previous belief that it had jurisdiction. **See, Am.Jur.2d. Courts § 60.** Jurisdiction to render a judgment in a particular case or against persons may not be presumed where the record itself shows jurisdiction has not been acquired. **See, Old Wayne Mut. Life Asso. v. McDonough**, 204 U.S. 8, 51 L.Ed. 345, 27 S.Ct. 236. Hence a fact connected with jurisdiction to render a judgment may not be in the face of statements to the contrary in the record.

**The Congressional Controlled Substance Act of 1970**
**84 Stat. 1242-1296 (21 U.S.C. §§ 801-960**

32.

That, defense counsel failed ab initio to raise or challenge the misapplication of unenacted ( non positive law ) Federal Statutory Provisions, where no amendment to the Constitution is shown to provide for nationwide application. In dealing with **21 U.S.C. § 841(a)(1)**, the petitioner argues that before one can understand the statute and it's proper application, one must begin with the Act and it's legitimate jurisdictional reach and application. **See, Rule 54(c), of Federal Rules of Criminal Procedure.** The Comprehensive Drug Abuse Prevention and control Act of 1970 (Pub. L. 91-513), establishes commercial regulatory statutes that are designed for legitimate business, doctors, manufactures, distributors, retailers, and all registrants and such. **See, Legislative History, H.R. Rep. 91-1444, U.S. Code Cong. & Admin. News, @ pp. 4566, 4571-72, and 4590** (hereinafter House Report). The purpose of the Controlled Substance Act, (21 U.S.C. § 801 et seq.) is to provide a more flexible penalty structure than existed under prior law. Thus, Petitioner argues that § 801 et seq., is for people registered under the Act, viz: Physicians, chemists, manufacturers, registrants and such, or people who residing or doing business within the jurisdiction of the federal United States.

33.

In the absence of an amendment to the federal Constitution, ratified by three fourths of the several sovereign states of the union, the Act and it's enumerated subsections cannot possess nationwide jurisdictional reach and application. Thus, the Act and it's enumerated subsections have the force and effect of Law only within the jurisdiction of the federal United States, and over persons who are employed by the federal government.

34.

It must follow that people who are registered under the Act (**84 Stat. 1242-1296), 21 U.S.C. § 801**) et seq., can be prosecuted under (**§841(a)(1)**, for dispensing or distributing a controlled substance beyond the constraints of their license, or professional practice. The legislative history of the C.S.A. convinces that Congress intended §841(a)(1) to apply to registered doctors, registrants and

16. Memorandum of Law with Incorporated Points and Authorities

anyone falling under federal jurisdiction. Congress was concerned with the diversion of drugs out of the legitimate channels of distribution. **See, United States v. Rosenburg**, 515 F.2d 190, at 93. The legislative intent is manifested in those penalty provisions of the Act, that are only applicable to registrants. **Id. at 193**. When reviewing § 841, the terms to manufacture, distribute, dispense a controlled substance or possess with intent to distribute a counterfeit substance beyond the constraints of their license, or professional practice, these terms clarify that definition held by the Supreme Court in **United States v. Moore**, 423 U.S. 122.

35.

**The language of "Any Person" as applied to the statute** 21 U.S.C. §841(a)(1), provides, "Except as authorized by this sub-chapter, it shall be unlawful for any person knowingly and intentionally - (1) to manufacture, distribute, or dispense, a controlled substance."

Only lawful acts or registrants under the Act are exempted from prosecution under §841 of Title 21, where the section by it's term reaches "Any person and does not exempt (as it could have) all registrants under this act." The language of qualified authorization at §822(b), which authorizes registrants to the extent authorized by their registration and conformity with other provisions of the act. The Supreme Court has written that the cannon in favor of strict construction for criminal statutes is not an inexorable command to override common sense and evident statutory purpose. **See, United States v. Brown**, 333 U.S. 18, 25-26, 92 L.Ed.442, 68 S.Ct. 376. The Supreme Court in expressing a unanimous view of the eight justices, the opinion brought by Justice Powell, that two of the eight subsections of §842 and one the five subsections of §842(a) and §842(b) further qualify the term of "Any person, who is a registrant." In context "Registrant" is merely a limiting term indicating the only "persons" who are subject to these subsections are registrants. The Supreme Court ruled that there is no indication that the "persons" means non-registrants when introducing the other subsections. **Moore** at footnote 10. The second circuit, is on record as expressing the view that "When the same word or phrase is used in the same section of an Act, more than once, and the meaning is clear in it's use in one place or section, it will be construed to have the same meaning in the next place or section. **See, Meyer v. United States**, 175 F.2d 45 (2nd Cir. 1949), quoting **Llewllyn v. Haribson**, 31 F.2d 740 (3rd. Cir.

1929). Also see **United States v. Nunez**, 573 F.2d 769 (2nd Cir. 1978). These views certainly sustain the Petitioner's argument, as to the use of the term "Any person."

## FAILURE TO ESTABLISH FEDERAL INTERSTATE COMMERCE NEXUS

36.

Defense counsel was ineffective by failing to raise or challenge the government's lack of Federal Subject Matter Jurisdiction over the alleged prohibitive acts charged against the Petitioner.

That, defense counsel failed ab initio to raise or challenge that the Federal Statutory Provisons under which the Petitioner is charged failed to contain language of an interstate commerce nexus. The enumerated subsection under which the petitioner is unlawfully incarcerated and detained of his liberty, possess no language which could be construed as importing, interposing or incorporating a Commerce nexus. Thus, the language of the statute dose not grant federal subject matter jurisdiction, nor grant formal notice to the accused party that an alleged violation of **§§841, 846 of Title 21**, also invokes an uncharged violation of the Federal Insterstate Commerce Statute, even though no prohibitive acts moved beyond the borders of the sovereign state or across state lines or international borders. The federal government does not have general police power, thereby the legitimate application of §§841, 846 may only be applied if connected to an alleged violation of the Interstate Commerce Statute.

37.

Where the instant matter is concerned, the government has failed ab initio to establish that the prohibitive conduct of the Petitioner, moved beyond the borders of the sovereign state, thus in clear absence of a commerce charge, the government has failed to establish federal subject matter jurisdiction over the alleged offense. **Stirone v. United States**, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). The Supreme Court stated that, "The essential element was the allegation of an Interstate Commerce which provided the court with **subject matter** jurisdiction over the alleged prohibitive acts."

38.

Under our federal system, the "States possess primary authority for defining and enforcing the criminal law." See, **Brecht v. Abrahamson**, 507 U.S.-, 123 L.Ed.2d

18. Memorandum of Law With Incorporated Points and Authorities

353, 113 S.Ct. 1710 (1993), quoting **Eagle v. Isaac**, 456 U.S. 107, 128, 71 L.Ed.2d 783, 102 S.Ct. 1031, 162 ALR 1330 (1945)(plurality opinion) ..."[o]ur national government is one of delegated powers alone. Under our federal system, the administration of criminal justice rests with the states except as Congress, acting within the scope both delegated powers has created offenses against the United States." When Congress criminalizes conduct already denounced as criminal by the States, it affects a change in the sensitive relation between federal and State criminal jurisdiction. **United States v. Unmans**, 410 U.S. 396, 411-12, 35 L.Ed.2d 379, 93 S.Ct. 1007 (1973) quoting **United States v. Bass**, 404 U.S. 336, 349, 30 L.Ed.2d 488, 92 S.Ct. 515 (1971). It's obvious the government would have to acknowledge that **§841 and §846** displaces state policy in that it's prohibitions is being used in every State. **21 U.S.C.S. §§ 841(a)(1) and 846**, is now being used outside it's scope of intended use by inappropriately overriding legitimate State law. By imposing higher penalties and establishing mandatory penalties for the same offenses that the State already charges. The policies reflected in these provisions could legitimately be adopted by the States, but they should not be imposed upon the States by Congress. By the government's use of these two statutes outside it's scope and it's intended use, we have a system that can punish the same act by different individuals with different and more selective punishment. Thus, the abuse mentioned defendant in the case also charges, the government was selective by going outside it's jurisdiction which was clearly spelled out by the **Narcotics Penalties and Enforcement Act of 1986, 99th Congress 2d. Session, P.L. 99-570, 100 Stat. 3207-2, 21 USCS § 801 nt.** In **A.L.A. Schecter Poultry Corp. V. United States**, 295 U.S. 495, 550, 79 L.Ed. 1570, 55 S.Ct. 837, 97 ALR 947 (1935). The Court struck down regulation by Congress that fixed the hours and wages of individuals employed by an intrastate business because the activity being regulated, was related to interstate commerce only indirectly. Because the United States has no claim to any authority but such as the States have surrendered to them, "on this the majority of the justices of the Supreme Court agree, in principle." The Petitioner notes to this Court that the State of Jurisdiction, <u>wherein the alleged prohibitive acts occurred</u>, has <u>never surrendered it's jurisdiction</u> to prosecute crimes of drugs to the Federal Government in dealing in illicit drugs in any of the <u>geographical locations</u> mentioned in the instant indictment. With the above limits of Federal Jurisdiction in mind, it is now necessary to consider the precise statutory language of the act in question (the CSA) to determine whether it applies solely

19. Memorandum of Law With Incorporate Points and Authorities

within the jurisdiction of the united States. Analysis of the operative sections of the act, particularly the section at issue herein, clearly reveals that there is nothing which indicates that the act applies anywhere but within the United States territories and enclaves. There simply is no statutory language expressly stating that the act applies **"extra jurisdictionally."** Further, the sections of the (CSA) at issue (§§841,846) totally fail to mention or refer to "interstate commerce" or otherwise connect the provisions of this act to Congressional interstate commerce powers. This is particularly apparent from a review of §841 and §846 of Title 21, mentions nothing in reference to interstate commerce. It should be noted that in other criminal acts, Congress statutorily bases such acts upon it's "interstate commerce" powers. **See, 18 U.S.C. § 659, 660, 842, 844, 875, 922, 1231, 1301, 1343, 1365, 1761, 1953, 1962, 1992, 2101, 2251, 2312, 2314, 2316, 2317, 2421, 2422, and 2423.** In interpreting the "Act" (CSA), the courts have determined that it must be assumed that it is a taxing measure for otherwise it would be no law at all. If it is a mere act for the purpose of regulating and restraining the purchase of opiate and other drugs, it is beyond the power of Congress and must be regarded as invalid, just like the "Child Labor Act" of Congress was held to be. The only part of the (CSA) mentioning interstate commerce in any fashion, is the preamble (introductory provision) of Section 801. Such being the case it becomes necessary to expand the Controlled Substance Act (CSA), to encompass interstate commerce.

### THE GOVERNMENT CANNOT SATISFY OR CURE ITS PLEADINGS
### IN THE INDICTMENT BY USING THE PREAMBLE IN SECTION 801
### TO CURE THE REQUIRED NEXUS OF SECTION 841 and 846

39.

Petitioner argues, that for years, and years, the courts, have been a party to the shameless act of helping the government to cure and satisfy the needed nexus that's absent in §§841 and 846 by always reverting to §801 and it's "Preambles." Petitioner will now show case point, how the appellant courts for years in case after case, have helped to illegally use preambles as law, to enlarge or confer powers, to the two section of the cat being argued. The following cases, show Petitioners point clearly: **United States v. Atkinson**, 513 F.2d 38,40 (4th Cir. 1975), **United States v. Scales**, 464 F.2d 371, 375 (6th Cir. 1972), **United States v. Lopez**, 459 F.2d 949, 952-53 (5th Cir. 1972), **United States**

**v. Stillo**, 57 F.3d 553, 558 n.2 (7th Cir. 1995), **United States v. Visman**, 919 F.2d 1390 (9th Cir. 1990), **United States v. Bramble**, 894 F.Supp. 1384 (D.Hawai'i 1995), **United States v. Gonzales**, 893 F.Supp 935. A quick look at just a couple of cases and we can easily get the point. Our first look, is in **Visman, at 1392**, we see the courts running t save the argument by going to §801(2),(4),(6). In **Bramble at 1395 fn. 22**, the courts to the rescue, once again winning the argument by the use of §801(3),(4),(6). In **Gonzales 893 pg. 936**, the same. In a number of cases the court has emphasized two of the protections which an indictment is inteded to guarantee, reflected by two of the criteria by which the sufficiency of an indictment is to be measured. These criteria's are, first: **whether the indictment contains the elements of the offense intended to be charged and sufficiently appraises the defendant of what he must meet,** and secondly: **in case any other proceedings are taken against him for a similar offense.** Petitioner argues that the government failed both of these prongs in the current case. Certainly by not stating it's jurisdiction, a crime against the "United States" cannot be charged. The indictment must establish the jurisdiction nexus, by which the Petitioner will be appraised of the offense pleaded. And by not stating it's jurisdiction, the Petitioner to this day has not been shown, where the State ceded jurisdiction. **The question is one of law, territorial.** Where guilt depends so crucially upon such specific identification of fact, case law has uniformly held that **an indictment must do more than simply repeat the language of the criminal statute.** Rule 7(c)(1), F.R.Crim.P requires that an indictment be a plain, concise, and define written statement of essential facts constituting the offense charged (in part), and the indictment shall state for each count the official or customary citation of the statute, rule regulation, or other provision of law which the defendant is alleged to have violated.

40.

The Petitioner asserts prosecutorial misconduct and plain error, 52(b) F.R.Crim.P, in that the application was not within the scope of Rule 7(c)(1) F.R.Crim.P to the indictment in which was an amendment to cure the jurisdictional requirement. The indictment failed to explicitly, allege a nexus to commerce. **See, United States v. Knowles**, 29 F.3d 947, 952 (5th Cir. 1994).

41.

The Petitioner stands firm on his assertion that he was highly prejudiced by the prosecutor, not qualifying the jurisdictional nexus in the statute, to the Grand Jury.

Petitioner argues that Congress intent, and the statute true jurisdiction as seen in the statute at §841(5),(6) where it stated: "On federal property or federal lands." Certainly this clear distinction must be seen to apply to the entire section, as the jurisdiction nexus. The Second and Third Circuit is on record as expressing the view that, "when the word or phrase is used in Sect. of the "Act" more than once, and the meaning is clear as used in one place." **Meyer v. United States**, 175 F.2d 45, 47 (2nd Cir. 1949), quoting **Lewellyn v. Nunez**, 573 F.2d 769 (2nd Cir. 1978), and **C.I.R. v. Ridgeway's Estates**, 291 F.2d 257 (3rd Cir. 1961). It is elementary principle of criminal pleading, that where the definition of an offense, whether it be common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition, but it must state the specifics. It must descent to particulars. **United States v. Cruikshank**, 92 U.S. 542, 558, 23 L.Ed. 588, 593. An indictment not framed to appraise the defendant with reasonable certainty, of the nature of the accusation against him, and it;s jurisdiction to sustain those accusations is defective, although it may follow the language of the statute. **See, United States v. Simmons**, 96 U.S. 360,362, 24 L.Ed. 819, 820. In an indictment upon statute, it is not sufficient to set forth the offense in the words of a statute, unless those words of themselves, fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. **See, United States v. Carll**, 105 U.S. 611, 612, 26 L.Ed. 1135, certainly the jurisdictional nexus, constitutes one of the elements. Undoubtedly, the languages of the statute may be used in general description of an offense, but it must be accompanied with such a statement of the fact and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged, (**an indictment that fails to state its jurisdictional nexus in the pleadings or statute, certainly would not be informing the accused of the above provisions**). For similar views, see **U.S. v. Hess**, 124 U.S. 483, 487, 31 L.Ed. 516, 518, 8 S.Ct. 571, also **Pettibone v. U.S.**, 148 U.S 197, 202-204, 37 L.Ed. 419, 422, 423, 13 S.Ct. 543, **Blitz v. U.S.**, 153 U.S. 308, 315, 38 L.Ed. 725, 727, 14 S.Ct. 924, **Keck**

22. Memorandum of Law With Incorporated Points and Authorities

**v. U.S.** 172 U.S. 434, 437, 43 L.Ed. 505, 507, 19 S.Ct. 254, **Morissette v. U.S.**, 342 U.S. 246, 270 n.30, 96 L.Ed. 288, 304 S.Ct. 240, cf. **U.S. v Petrillo**, 332 U.S. 1, 10, 11, 91 L.Ed. 1877, 1884, 1885, 67 S.Ct. 1538. That these basic principles of fundamental fairness retain their full vitality under modern concepts of pleading and specifically under Rule 7(c) F.R.Crim.P. In this case at bar, a mere citation (such as the government used in this case) to the applicable statute, does not give the defendant notice of the nature of the offense. An indictment that must rely on a statutory citation, does not fully, directly and expressly, without any uncertainty or ambiguity set forth all the elements (such as jurisdiction) necessary to constitute the offense intended to be punished (or to sustain the charges). **See, Hamling v. United States**, 418 U.S. 87, 117, 94 S.Ct. 1887, 2907-08, 41 L.Ed.2d 59 (1974). Furthermore, a statutory citation does not ensure that the Grand Jury has considered and found all essential elements such as (jurisdiction) of the offense charged. It therefore fails to satisfy the Fifth Amendment guarantee that no person be held to answer for an infamous crime, unless of indictment of a Grand Jury. **See, U.S. v. Pupo**, 841 F.2d 1235 (4th Cir. 1988), quoting, **U.S. v. Hooker, supra.** at 841 F.2d 1225 (4th Cir. 1988). As stated in **Hooker**, ..[w]hen an indictment fails to include an essential element of the offense charged, it thereby fails to charge any federal offense and conviction under the indictment, may not stand. A Grand Jury in order to make the ultimate determination, must necessarily determine, whet gives the government jurisdiction to sustain, or bring these charges. To allow the prosecutor, or the court to make a subsequent guess as to what was in the minds of the Grand Jury at the time they returned the indictment. Would deprive the defendant of a basic protection, which guarantee of intervention of a Grand Jury, was designed to secure. For a defendant could then be convicted on the basis of facts not found by a Grand Jury or perhaps, not even presented to the Grand Jury which indicted him. Such as this case now, before this Court, the jurisdictional nexus needed and required certainly was never presented to the Defendant's Grand Jury. For similar views, see **Orfield Criminal Procedure from Arrest to Appeal 243.**. This underlying principle is reflected by the settled rule in the federal courts, that an indictment may not be amended, except by resubmission to the Grand Jury unless the charge is merely a matter of form, **Ex Parte Bain**, 121 U.S. 1, 30 L.Ed. 849, 7 S.Ct. 781, **United States v. Norris**, 821 U.S. 619, 74 L.Ed. 1076, 50 S.Ct. 424, **Stirone v. United States**, 361 U.S. 212, 4 L.Ed.2d 252, 80 S.Ct. 270. If it lies within the province of a court to amend an indictment to suit it's own motion of what ought to have

23. memorandum of Law With Incorporated Points and Authorities

been, (such as by going to the "Preamble" of the statute to satisfy a statute when the "Preamble" was never presented to a Grand Jury). The great importance which the common law attaches to an indictment by a Grand Jury, as a prerequisite to a prisoner's trial for a crime and without which the Constitution says, ......."[n]o person shall be held to answer", may be frittered away until it's value is almost destroyed. Any other doctrine would place the rights of the citizens which were intended to be protected by this Constitutional provision, at the mercy or control of the court or prosecuting attorney, for if it be once held that the charges can be made by the consent or the order of a court in the body of the indictment as presented by the Grand Jury. And the prisoner can be called upon to answer to the indictment as thus changed, the restriction which the Constitution places upon the power of the court in regard to the prerequisite of an indictment, in reality no longer exists. **Ex Parte Bain, supra,** 121 U.S. at 10, 13. This court must be aware that "the very purpose of the requirement, that a man be indicted by a Grand Jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." See, **Stirone v. United States, supra,** 361 U.S. at 218.

## LACK OF ADMINISTRATIVE AGENCY JURISDICTION
### OVER THE LOCUS IN QUO
#### 42.

That, defense counsel failed ab initio to raise or challenge the lack of federal administrative agency authority or jurisdiction over the locus in quo. The Federal Drug Enforcement Agency Administration, (hereinafter "D.E.A") was created by way of **Reorganization Plan No. 2 of 1973, 87 Stat. 1091-1094,** which fails to comport with the second provision of the **80 Stat. 396, §906(d),** where the Reorganization Plan has no published authority in the Federal Register, **(44 U.S.C.S. §1505(a) et seq..** The language of the Reorganization Plan provides in pertinent part that the operative jurisdictional parameters shall be Ports of Entry into the united States, not to be construed to also the United States of America or the exterior portions of any particular sovereign State.

#### 43.

Ana ssertion which is supported by consulting **21 C.F.R. § 1311.02(h), (4-1-95 Ed.),** which provides, "the term jurisdiction of the United States" means the Customs Territory of the United States, the Virgin Islands, the Canal Zone, Guam, American Samoa, and the Trust Territories of the Pacific Islands.

44.

The authority of the D.E.A. is based upon **21 C.F.R. 1311.02(a)**, wherein it states "The term <u>Act</u> means the Controlled Susbstance Act. **84 Stat. 1242, 21 U.S.C.S. §801**) and/or the Controlled Substance Import and Export Act **(84 Stat. 1285, 21 U.S.C.S. §951)** an "Act" (Reorganization Plan) of which movan has shown elsewhere herein, to never have been enacted into "Positive Law," and thereby lacking the force of Law except within the jurisdiction of the federal "United States."

45.

Private Lands and Properties located within the geographical borders of any particular sovereign State of the Union are beyond the authority and jurisdiction of the D.E.A., unless the person domiciled or doing business therein registered with the Federal Government **(21 U.S.C.S. §822-823)** to manufacture, produce and dispense substances, compounds or reagents, under the control of the government, such person, company or corporation would be subject to Administrative inspection by proxy of registration and/or Federal License.

46.

**Fed. Reg. Vol 38, No. 131 (Tuesday July, 10, 1973) at p. 18381**, under Organization of the Department of Justice, at Section 3-Enforcement Officers, states, "all criminal investigators (series 811 under Civil Service Commission Regulations) are authorized to exercise all of the powers of enforcement personnel granted by **21 U.S.C.S § 878, 879**, to serve subpoenas, administer Oaths, examine witnesses and receive evidence under **21 U.S.C. § 875**, to execute Administrative Inspection Warrants under **21 U.S.C.S. § 880**, and to seize property under **21 U.S.C.S. § 881**.

47.

The D.E.A. Operation Manual, §6654.1(A), .."[i]ts the jurisdiction of the D.E.A. under Admiralty-Maritime Law, which is shown elsewhere herein, to have extraterritorial application only, and causes arising therefrom are cognizable in Admiralty courts, only. However, where the "Act" **(84 Stat. 1242-1296)** is unenacted, it's subsequent **(Title 21 U.S.C.S. § 801 et seq.)** and it;s enumerated subsections lack the force of Law, and thereby provide no authority for the D.E.A. to operate beyond the jurisdiction of the Federal "United States."

25. Memorandum of Law With Incorporated Points and Authorities

48.

Congress has no general power to enact police regulations, operative within the territorial limits of the State. **Slaughter-House Cases**, 83 U.S. 36, **United States v. Dewitt**, 76 U.S. 41, **Gibbons v. Ogden**, 22 U.S. 1, and it cannot take this power from the states or attempt any supervision over the regulations of the States established under this power, **Keller v. United States**, 213 U.S. 138. The exercise of the police power by a state, is beyond interference by the Federal Government. See also, **People v. Godfrey**, 17 Johns 225, at 233 (N.Y. 1818), **United States v. Bevans**, 3 Wheat 336 (1818), **Adams v. United States**, 319 U.S. 312 (1943), and **Caha v. United States**, 152 U.S. 211, 215 (1894), Supreme Court authorities, which contain language that leaves no room for misinterpretation or misapplication.

## THE UNITED STATES CODE

49.

The United States Code was approved by an Act of Congress on June 30, 1926 (44 Stat. Part I). The Code is assembled and revised under the provisions of the "Committee on the Judiciary of the House of Representatives." The main work of revisions is done by a subcommittee or office of this committee called "The Office of the law Revision Counsel of the House of Representatives." It consists of an appointed supervisor, some members of Congress, some volunteer lawyers, and persons from West Publishing of St. Paul Minnesota.

50.

When the U.S. Code was first published, it never was stated to be the official laws of the United States. Rather, it was stated that the Code was a "Restatement" of law, or was only "prima facie" evidence of the laws of he United States. On this matter, the court stated:

"[T]he United States Code was not enacted as a statute, nor can it be construed as such. It is only prima facie of the statement, of the statue law...if construction is necessary , recourse must be had to the original statutes themselves. **Five Flags Pipe Line Co. v. Dept of Transportation**, 854 F.2d 1438, 1440 (1988), **Stephan V. United States**, 319 U.S. 415, 426 (1943), 44 Stat. Part 1, preface, **Murrell v. Western Union Tel. Co.**, 160 F.2d 787, 788, (1947), **United States v. Mercur. Group Corp.**, 83 F.2d 178, 180 (1936).

26. Memorandum of Law With Incorporated Points And Authorities

51.

This tells us that the United States Code, as originally esatblished, was not on an equal plain, with the "original statutes" or the **Statutes at Large**. Thus, the Code was not **True Law**. With the state of regular use of the U.S. Code, numerous problems arose in that it contained mistakes, errors and inconsistencies as compared to the Statutes at Large. Thus, in 1947, Congress enacted several of the Titles into "positive law", such as the Act: "To codify and enact into positive law, **Title 1 of the United States Code,** in doing so they devised some new terminology, which is set out under **61 Stat. 633, 638-44, 1 U.S.C. § 204(a).**

52.

Look back at the cases cited, which state that the criminal jurisdiction of the United States exists only by Acts of Congress, pursuant to the Constitution. In the nature of a **question of law,** if a federal court were asked whether the Code cited in an indictment, is an Act of Congress, the court could not citefully say it is, because the Code citation contains no Congressional enacting for that citation as required by **61 Stat 633, 634 § 101.** If no such enacting clause appears on the face of the law, it is not an Act of Congress, and **no** criminal jurisdiction exists, without a bona fide Act of Congress. The argument in such a case is that the indictment does not set forth a case arising under the Constitution, as there is no Act of Congress with a duly required enacting clause. Thus, there is no subject matter jurisdiction pursuant to the federal judicial power defined in the nature of **Article III, § 2 of the Federal Constitution.**

53.

Nowhere in the Code, does it say, or in the pronouncement by Congress or the Courts, that the laws in the U.S. Code are Acts of Congress. In Fact, the Code is always regarded as something <u>different</u> from the **Statues at Large.**

> **But no one dines that the <u>official</u> source to find**
> **United States law, is the <u>Statutes at Large</u> and**
> **the Code is only prima facie evidence of such laws.**

54.

An invalid, Unconstitutional or non-existent statute, affects the validity of the "charging document," that is, the complaint, indictment and information. If these documents are void or fatally defective, there is no subject matter

jurisdiction since they are the basis of the court's jurisdiction. When an accused party is indicted under a non-yet-effective or unenacted statute, the charging document is void.

### UNPROMULGATED REGULATORY STATUTES

55.

Defense counsel was ineffective for failing to raise that there are no public implementing regulations in the code of Federal Regulation (CFR) for the Federal Statutory Provisions under which the Petitioner is charged.

57.

That, defense counsel failed ab initio to raise or challenge the fact that the Federal Statutory Provisions under which the Petitioner is charged are unenacted by Congress, unpromulgated in the Federal Register and possess no published implementing authorities in the Federal Code of Regulations. The Petitioner would like the record to reflect that the federal statutory provisions under which he is charged, are in fact commercial regulatory statutes which have not been promulgated in the Federal Register or the Code of Federal Regulations, as required under 44 U.S.C. § 1505, et seq., and 5 U.S.C. § 601. Therefore it is arguable that this court has jurisdiction to adjudicate sanctions for violations of Unpromulgated Regulatory Statutes. The Petitioner thus advances with supporting authorities that no documentation can be shown that the enumerated subsections under which the accused party is charged, have published regulations, thus these particular federal statutory provisions **(§§841, 846 of Title 21)** lack the force and effect of Law, when mis-applied beyond the parameters of Rule 54(c) - Acts of Congress, of Federal Rules of Criminal Procedure.

58.

In, **Foley Brothers v. Filardo**, 336 U.S. 281 (1949), the high court stated, "[I]t is well established as a principal of law, that all federal legislation applies only within the territorial jurisdiction of the (federal) United States, unless contrary intent appears[.]" In order for a contrrary intent to be facilitated, delegations of authority and implementing regulations must be published in the Federal Register.

59.

Fortunately, there is a readily available method for discerning which Statutes at Large and which Statutes contained within the 50 Titles of the United States Code, possess either restricted application, or general applicability to the several States and the population at large. This method is through consulting the **Parallel Tables of Authorities and Rules** which begin at **page 741 of the 2003 Index Volume to the Code of Federal Regulations**. It's authority is located at **1 C.F.R. §8.5(a)**.

60.

The Administrative Procedure Act, located at **5 U.S.C. §§ 552 et seq.,** and the Federal Register Act, located at **44 U.S.C. §§1505 et seq.,** provide the means for determining which Statutes in any given Act of Congress are applicable, within the federal areas, and which Statutes have "general" applicability within the territories, enclaves, and insular possessions, belonging to the federal United States. At **§1505(a)(1) of Title 44** of the United States Code, it is found that if a Statute is not published in the Federal Register, the application of the statutory provision is restricted to federal agencies, or persons acting in their capacity as officers, agents or employees of the federal government.

61.

Positive Law is the irrefutable Law of the United States of America, which has withstood the test of time. However, when federal statutory provisions are not duly and properly promulgated in accordance with the law, then such Statutes lack the force of law, and may not be applied capriciously or arbitrarily.

62.

In **Hotch v. United States**, 212 F.2d 280 (9th Cir. 1954), at pg.283, the court stated:

"[U]nder our system of law, no act is punishable as a crime unless it is specifically condemned by the Common Law or by statutory enactment of the Legislature[.]" **(22 C.J.S., Crim. Law, see 17)**.

Therefore, the Administrative Procedure Act and the Federal Register Act must be read as a part of every Congressional delegation of authority unless specifically excepted. Those acts require publication, irrespective of actual notice, as a prerequisite to the "issuance" of a regulation making certain acts criminal. If certain acts have not been made crimes by duly enactedlaw, the

29. Memorandum of Law With Incorporated Points and Authorities

knowledge of their contemplated administrative proscription cannot subject the informed person to criminal prosecution. **While ignorance of the law is no defense, it is conversely true that law which has not been duly enacted into positive law, is not law of general applicability and therefore, a person who does not not comply with it's provisions, cannot be guilty of any crime."**

63.

In **Wei v. Robinson**, 246 F.2d 739 (7th Cir. 1957), cert. den. 78 S.Ct. 144, 355 U.S. 879, the Supreme Court stated, .."[C]ontents of the Federal Register and the Code of Federal Regulations, are **prima facie evidence** of the original text and are required to be judicially noted." In **Wolfson v. United States**, 492 F.2d 1386, 204 Ct. Cl. 83 (1974), .."[W]hen regulations are published in the Federal Register, they give legal notice of their contents to all who may be affected thereby." In **Schafer v. United States**, 229 F.2d 124, cert. den. 76 S.Ct. 78, 351 U.S. 931, the Court stated, .."[T]he publication of a document in the Federal Register creates a rebuttable presumption of validity." In **Northern States Powers Co. v. Rural Electrification Administration**, 248 F.Supp. 616 (1965), the Court stated, .."[R]ules by government agency of general applicability and published in accordance with the Federal Register Act have force and effect of Statute Law, and are binding on those publishing them as well as the general public until such time as they be repealed or modified. **Fed. Reg. Act. § 1, et seq., 44 U.S.C.S. § 301 et seq.**

64.

In **United States v. Merskey**, 361 U.S. 431, 438 (1960), the Supreme Court stated:

"Once promulgated, these regulations called for by the statute itself have the force of law, and violation thereof, incur criminal prosecutions just as if all the details have been incorporated into Congressional language. The result is that neither the Statute nor the Regulations are complete without the other. And only together do they have any force in effect; thereof, the construction of one necessarily involves the construction of the other, and in the context of criminal prosecution, the rule of strict construction must be applied in the interpretation of an Administrative Regulation to which penal consequences attach under the Statute, authorizing the promulgation of the regulation, as well as the construction of the statute.

65.

In, **United States v. Reinis**, 794 F.2d 506 (9th Cir. 1986), the Court stated, "[A]n individual cannot be prosecuted for violating the "Act" unless he violates

30. Memorandum of Law With Incorporated Points and Authorities

an implementing regulation." See also, **United States v. Two Hundred Thousand Dollar**, 590 F.Supp. 846 (S.D.A. Fla. 1984), and specifically stated at 1 **C.F.R. § 1.**, "All regulations must be published by the Secretary at **26 C.F.R. 601-702(ii)**, acknowledge the effect of failure to publish by stating, "Thus for example, any such matter which imposes an obligation and which is not so published or incorporated by reference, will not adversely change or affect a persons rights."

66.

The Supreme Court stated in **United States v. Welden**, 377 U.S. (1964), that Under 1 **U.S.C. §204(A)**, which provides that the United States Code establishes prima facie to the laws of the United States and that when Titles of the Code are enacted into positive law, the text thereof is legal evidence of the law contained therein. The very meaning of 'prima facie' is that the Code cannot prevail over the Statute at Large, when the two are inconsistent. If construction of a section of the United States Code which has not been enacted into positive law is necessary, recourse must be had to the original statutes themselves and a change of arrangement, made by the codifier without the approval of Congress, should be given no weight. **Stephen v. United States**, 319 U.S. 423 (1943), **Best Foods v. United States**, 174 F.Supp. 749, 37 Cust. Ct.1, (1956), **Peart v. MOtor Vessel Bering Explorer**, 373 F.Supp. 927 (1974).

67.

The law provides that when implementing regulations are at variance with the statutory provisions of which they are intended to promulgate, that they fail to give proper notice under the due process clause of the federal Constitution and/or the "Fair Notice Doctrine", set out under **United States v. Nevers**, 7 F.3d 59 (5th Cir. 1993). Administrative regulations, in order to be valid, must also be consistent with, and not contrary to, "The statute under which they are promulgated." **United States v. Larionoff**, 431 U.S. 864, at 973, 97 S.Ct. 2150, at 2156, 53 L.Ed.2d. 48, at 56. A regulation beyond the scope of, or out of harmony with, underlying legislation is a mere nullity." **Id. at 873 n.12, 97 S.Ct. at 2156, n.12**, **Manhattan Gen. EQuip. Co. v. C.I.R.**, 297 U.S., at 134, **Neel V. United States**, 266 F.Supp at 10, "[T]o make this determination, it is necessary for the court to square the regulations against the statute that it purports to implement, comparing the sphere of authority of each. **Western Union Teleg. Co.**

**v. F.C.C.**, 541 F.2d 346, 354 (3rd Cir. 1976), cert. den. 428 U.S. 1029 (1977). And Administrative Regulation must be reasonably related to advancing the purpose of the enabling legislation." **Morning v. Family Publications Services, Inc.** 411 U.S. 356, 369 (1973). In the framework of criminal prosecution, unclarity in the statute or a regulation issued thereunder, is enough to resolve doubts in favor of the defendant. **United States v. Mersky, supra.**

## FATAL DEFECTS IN THE GOVERNMENT'S CHARGING INSTRUMENTS

68.

**The defense counsel was ineffective by failing to raise or challenge the self evident and self-declaring defects in the government's charging instruments.**

The Petitioner argues that an indictment which fails to allege all of the elements of the alleged offense is defective and must be dismissed, where one of the elements is crucial and is in fact the sine qua non to the legitimate application of the subsequent charged offense. The legitimate application of the subsequent charged offenses. The legitimate application and charging **Title 21 §§841 and 846, of the U.S.C.**, must be connected to an alleged violation of the federal Interstate Commerce statute, otherwise federal subject matter jurisdiction is missing. **See, United States v. Pupo**, 841 F.2d 1235. The Petitioner argues that an indictment is jurisdictionally deficient, where it fails to allege, that the purported prohibitive acts upon which the subsequent counts are based, affected interstate commerce, or foreign commerce. Otherwise the indictment fails to appraise the accused party of what he must be prepared to defend against. Accordingly, an allegation of Interstate Commerce is jurisdictional and as such is an essential element in apprising the Petitioner of the Grand Jury's authority to indict under §§ 841, 846 of Title 21. **See, United States v. Young**, 730 F.2d at 224 (the particular predicate for jurisdiction is an esential element of offense), **United States v. McCray**, 665 F.2d 664, 678, 679 (5th Cir. 1982). The Constitutional rights of an accused are violated when modification, at trial or by a court of appeals acts to broaden the charge contained in the indictment, such modification (such as a court's use of the preamble in this "act" to enlarge or confer power) contradicts the very purpose of the Fifth Amendment Grand Jury requirement. **See, United States v. Stirone**, 361 U.S. 212, 4 L.Ed2d 252, 80 S.Ct at 273 (expressing similar views). The failure of the government to include in

the indictment any charge that the Petitioner's conduct affected interstate or
itra-state, or any commerce, was not cured by the citation of the Statute. In the
sufficiency of an indictment it is the statement of facts in the pleadings rather
than the statutory citation that is controlling. **See, United States v. Wuco**, 535
F.2d 1225 (9th Cir. 1976), cert. den. 429 U.S. 978, 97 S.Ct. 488, 50 L.Ed.2d 586
(1976)."It is elementary that every ingredient of the crime must be charged in
the bill, with a general reference to the provisions of the statute being
insufficient." **See, Hale v. United States**, 89 F.2d 578, 579 (4th Cir. 1937) and
**United States v. Berlin**, 472 F.2d 1002, 1007 (2nd Cir. 1973), also **United States
v. Beard**, 414 F.2d 1014, 1017 (3rd. Cir. 1969). This indictment under **21 U.S.C.
841 and 846** fails to allege a nexus between Petitioners conduct and interstate
commerce. In dealing with an indictment, that charges the distribution and
possession of illicit drugs within the borders and jurisdiction of the State.
Where no alleged commerce allegation is made. Petitioner argues this court, should
hold that a lack of commerce allegation in the indictment, precludes it from
considering whether a conviction under **Title 21 U.S.C. §§ 841 or 846** can be
sustained, even if the government alleged and proved that these offenses had a
nexus to commerce. **See, United States v. Lopez**, 2 F.3d 1342 (5th Cir. 1993)(the
holding of the 5th Cir. Court of Appeals).

69.

The federal governments failure to establish proof of other evidence of
jurisdiction or ownership over each and every geographical location in the
indictment in which the alleged criminal activities took place, divested the court
jurisdiction over the subject matter and mandates reversal. Where the lands were
never ceded to the United States, and the locations which lie within the
territorial boundaries of the states and not the federal government. Then the
federal government lacks jurisdiction over any criminal activities, which lie
therein. Thus, the government's view that **21 U.S.C. §§841 and 846,** can be used
and applied to all crimes of drugs (illicit or controlled) that occur any place
or in any geographical location, even though the the statute lacks a commerce
nexus, and the government's failure to allege any effect on commerce or other
basis for jurisdiction, and not withstanding the states sovereign jurisdiction
over it's territory, are contrary to the Constitution of the United States. Such
a position would ask this court to infer, that Congressional laws may be converted
to a general police power and authority, without statutory and constitutional

support,which only the States may properly possess.

70.

It is a firmly established and accepted fact that the federal government's power, authority, and jurisdiction does not exceed or extend beyond the boundaries and parameters of the embodiment of the Federal Government itself, i.e., .."territory, lands, property owned by the Federal Government over which jurisdiction has been ceded by the state legislature." However, the Federal Government does not have the power, nor doe the Constitution grant the power to punish persons for various other crimes over which jurisdiction is retained by the States. Preventing and prosecuting such various crimes is much more the business of the State than the Federal Government. **Arizona v. Manypenny**, 451 U.S. 232, 68 L.Ed.2 58, 101 S.Ct. 1657. It is of the utmost importance and relevance to note, retain, and embellish within the mind that the territorial jurisdiction of the United States is limited to Federal Enclaves. **United States v. Fessler**, 781 F.2d 384, 386 (1986). In the instant matter, the facts and offenses alleged, do not conform with or meet any of the jurisdiction requirements described within and in the foregoing. Thus, without proper jurisdiction of the subject matter, any prosecution or continuation of this matter, is unlawful at it's inception and duration. To bring the offenses within the jurisdiction of the federal courts, it must have been committed, but rather the place in which the offense is committed. **People v. Godfrey**, 17 Johns 225 at 223. In the doctrine of **"Lex Loci"** or the "Law of the place", determines that standard of conduct and governs as to matters within the right of action. **See, Gray v. Blight**, 112 F.2d 696. While no one disputes the proposition that "the Constitution created a Federal government of implied powers", **Gregory v. Ascroft**, 501 U.S. 452, 458, 115 L.Ed.2d 410, 111 S.Ct. 2395 (1991), and that while the Tenth Amendment makes explicit .."[t]hat the powers not delegated to the United States by the Constitution nor prohibited by it to the States, are reserved to the States respectively, or to the people."

71.

In a case like this one, the argument is the division of authority between the State and Federal government, and the Federal government's jurisdiction in sustaining convictions under the Controlled Substance "Act" **21 U.S.C. §§ 841 and 846**. The government's broader reading of these statutes would mark a major inroad into the domain traditionally left to the States. If a power is delegated to Congress in the Constitution (such as those enumerated). The Tenth Amendment

expressly disclaims any reservation of that power to the States. If a power is an attribute of State sovereignty (such as this one we are arguing), reserved by the Tenth Amendment, it is necessarily a power the Constitution has not conferred on Congress. **See, United States v. Oregon**, 366 U.S. 643, 649, 6 L.Ed.2d 575, 81 S.Ct. 1278 (1961), **Case v. Bowles**, 327 U.S. 92, 102, 90 L.Ed 552, 66 S.Ct. 438 (1946), **Oklahoma ex rel Phillips v. Guy F. Atkinson Co.**, 313 U.S. 508, 534, 85 L.Ed. 1487, 61 S.Ct. 1050 (1941).

72.

It is in this sense that the Tenth Amendment states but a truism, that "all is retained which has not been surrendered." **United States v. Darby**, 312 U.S. 100, 124, 85 L.Ed. 609, 61 S.Ct. 451, 132 ARL 1430 (1941). As Justice Story put it, .."[t]his amendment is a mere affirmation of what, upon any just reasoning, is a necessary rule of interpreting the Constitution. Being an instrument of limited and enumerated powers, it follows irresistible, that what is not conferred, is withheld and belongs to the State's authorities." **3.j. Story Commentaries on the Constitution of the United States 752 (1833).** The argument this Petitioner brings to this court is, the Federal Government did not have jurisdiction over the geographical location wherein the alleged activity took place, in lands which were never ceded to the United States, the interstate commerce element becomes essential to establish jurisdiction and prove every element of the offense. Applying the rationale of the Supreme Court in **United States v. Mechanik**, 475 U.S. 66, 70, 106 S.Ct. 938, 941, 89 L.Ed.2d 50 (1989) and **United States v. Hooker**, 841 F.2d 1225 (4th Cir. 1988). Like the decision in **Hooker** Petitioner maintains that he harmless error analysis of **Mechanik** cannot be applied here, because the court had no jurisdiction to try the Petitioner on a count which failed to expressly allege an effect on inter or intra-state commerce. Jurisdiction is lacking if the indictment did not allege a federal crime, by means of a connection with Interstate Commerce. This action by the prosecutor, would certainly deprive the Petitiooner the basic protection, which the guaranty of the intervention of a Grand Jury was designed to secure. For the Defendant/Petitioner could then be convicted on the basis of charges not found by and perhaps not even presented to the Grand Jury, which indicted him. **See Orfield, Criminal Procedure from arrest to appeal, 243.** Petitioner now asserts his Fifth and Sixth Amendment Right of Due Process, in arguing that he was never indicted by his Grand Jury **for affecting any commerce!** Thus, failure to present

this element or State it in the pleading of the indictment, preclude the Appellate Court from sustaining his conviction. For all these above and herein reasons, Petitioner asks this Court to look carefully to the Constitution and the cited statutes. Petitioner asks this Court to invoke the **Doctrine of Stare Decisis:** .."[w]hen a Court has once laid down a principle of law, applicable to a certain state of facts, it will adhere to that principle, and apply it to all future cases, where the facts are substantially the same regardless of whether the parties are the same." The Doctrine of Stare Decisis, provides the means by which Courts assure that the law will not merely change erratically, but will develop in principle and intelligible fashion. The Doctrine permits society to presume that bedrock principles are found in law, rather than in the proclivities of individuals. And thereby contributes to the integrity of our Constitution system of government, both in appearance and in fact. Petitioner now invokes the Doctrine of Stare Decisis to his arguments herein. "Any departure from the Doctrine of Stare Decisis demands special justification." **Arizona v. Rumsey**, 467 U.S. 203, 212, 81 L.Ed.2d 164, 104 S.Ct. 2305 (1984), also **Oregon V. Kennedy**, 456 U.S. 667, 691, 692 n.34, 72 L.Ed.2d 416, 102 S.Ct. 2083 (1982) Stevens, J., concurring in judgment. "**Title 21 U.S.C. §§841 and 842**, if Congress wanted this statute to be used outside of it's territorial jurisdiction, such as anywhere or any place, then it would have drafted the needed provision, which certainly would would have included the Interstate Commerce nexus that is required." "A federal criminal statute intended to be enforced within the States, exceeds Congress Commerce Clause Authority." To uphold the government's contention that it can bring criminal charges for crimes committed within the States, is to convert Congressional Authority into a police power which is only within the authority of the States. See, **United States v. Lopez**, No. 93-1260, (decided April 26, 1995). In **McCullough v. Maryland**, 4 Wheat 316 (1819), the federal government had to acknowledge that it can only exercise power granted to it. The enumerated presupposes something not enumerated. See, **Gibbons v. Ogden**, Supra at 195. The Constitution mandates that Congress cannot create or give itself plenary police powers over the State territories. Congress must operate within the framework of what the Supreme Court defines the law to be. See, **Marbury v. Madison**, 1 Cranch 137, 177 (1803).

That, defense counsel failed at the sentencing of the Petitioner to raise or challenge that **§3551 of itle 18** applies only to those who according to the language of the statute, supra, had been found guilty of any offense described in the Federal Statutes...other than an Act of Congress exclusively applicable in the District of Columbia. Acts of Congress (Federal Law) are defined and circumscribed under Rule 54(c) Federal Rules of Criminal Procedure. Implementing regulations for **18 U.S.C. § 3551** are at variance with their application in the instant cause. Where the instant matter is concerned, the Petitioner committed no violation of any properly enacted and duly promulgated federal law, within the legislative jurisdiction of the Federal United States, nor within the parameters defined under the implementing regulations for the Federal Sentencing provisions , thus, the sentencing provisions set out under **18 U.S.C. § 3551** do not apply to the Petitioner. By Consulting the **Parallel Table of Authorities and Rules, 2003 Ed. at pg. 769,** it is found that the implementing regulation(s) for 18 U.S.C. § 3551 are set out under **43 C.F.R. 9260-public lands, Alaska, 36 C.F.R. 242-subsistence management regulations for public lands, Alaska, and 50 C.F.R. 100, same as 36 C.F.R. 242.**

### 73.

The court will find that the statutory provisions under which the U.S. District Court imposed the sentence against the accused (**18 U.S.C. § 3551**), apply not to the Acts of Congress, which are applicable only in the District of Columbia. See, **Rule 54(c).**

### 74.

The Congressional Controlled Substance Act., even though "umenacted", is an Act of Congress. It may further be shown, that the statutory provision, **18 U.S.C. § 3551,** is at variance with it's published implementing regulations , thereby creating ambiguity as to it's lawful authority and applicability over the accused.

### 75.

An invalid, unconstitutional or non-existent statute affects the validity of the"charging document," that is, the complaint, indictment and information. If these documents are void or fatally defective, there is no subject matter jurisdiction, since they are the basis of the court's jurisdiction. When an accused-paty is indicted under a not yet effective or unenacted statute, the charging document is void.

76.

The indictment or complaint can be invalid, if it is not constructed in the particular mode or form prescribed by the Constitution or Statute (42 C.J.S. 'Indictments and Informations,' §1,p.833). But also can be defective and void when it charges a violation of the Law, and that Law is void, unconstitutional, unenacted, or misapplied. If the charging document is void, the subject matter of a court does not exist. The want of a sufficient affidavit, complaint, or information goes to the jurisdiction of the court,...and renders all proceedings prior to the filing of a proper instrument void ab inito. 22 Corpus Juris Secundum, "Criminal Law," §324,p.390.

77.

One way in which a complaint, or indictment fails to charge a crime, is by it's failure to have the charge based upon a valid or duly enacted law. Complaints or indictments which cite invalid laws, or incomplete law, or non-existent law are regarded as being invalid on their face, thus fatally defective.

78.

The crux of this whole issue of jurisdiction revolves around law, that is, the laws claimed to be violated. If one is subject to a law, they are then under the jurisdiction of some authority. If a crime is alleged but there is no law to form the basis of that crime, there is no jurisdiction to try and sentence one even though they are subject to the legislative body and the court. There has to be a law, a valid law, for subject matter jurisdiction to exist. Laws which lack an enacting clause are not laws of the legislative body to which we are constitutionally subject. Thus, if complaint or information charges one with violation of a law which has no enacting clause, then no valid law is cited. If it cites no valid law,then the complaint charges no crime, and the court has no subject matter jurisdiction to try the accused-party.

"[N]o authority need to be cited for the proposition that, when a court lacks jurisdiction, any judgment rendered by it, is void and unenforceable,...and without any force or effect whatever." Hooker v. Boles, 346 F.2d 285, 286 (1965).

79.

A judge or court may be in a legal sense immune from any claim that is guilty of wrong, because of it's improper exercise of jurisdiction. However, it has no

such protection where it lacks jurisdiction and the issue has been raised and asserted. When the lack of jurisdiction has been shown, a judgment rendered is not only bold, but is also usurpation. Jurisdiction is a fundamental prerequisite, and an usurpation thereof is a nullity. **22 Corpus Juris Secundum, "Criminal Law," §150 p.183.** The excessive exercise of authority, has reference to want of power over the subject matter, the result is void when challenged directly or collaterally. If it has reference merely to the judicial method of exercise of power, the result is binding upon the parties to the litigation till reversed...The former, is usurpation, the latter error in judgment. **Voorhees v. Jackson**, 35 US 449, 475 (1836), the line which separates error in judgment from the usurpation of power is very definite.

80.

This Honorable Court must be compelled to find as a Matter of Law, that the Petitioner is in custody and detained of his Liberty, in violation of the Constitution of the United States, <u>where the foregoing and the court's own record support, that the federal government lacked federal legislative jurisdiction over the locus in quo, whereon the purported prohibitive acts were committed</u>, and

81.

That the government lacked federal subject matter jurisdiction where no prohibitive acts or conduct of the Petitioner, moved beyond the borders of the sovereign state, nor was the Petitioner indicted via the government's charging instrument, for an alleged violation of the Federal Interstate Commerce Statute, thus the Federal Government <u>lacked federal subject matter jurisdiction</u>, a **sine qua non** to federal prosecution of the offense alleged against the Petitioner.

## CONCLUSION

82.

Where the instant cause is concerned, the Federal Statutory provisions under which the Petitioner is imprisoned and detained of His Liberty, have not been promulgated by Congress in the Federal Register (44 U.S.C. § 1505), nor do such statutory provisions possess published implementing regulations in the Code of Federal Regulations, nor is there to be found, and Amendment to the Constitution, ratified by the several sovereign states, to provide for nationwide application of these Federal Statutory provisions.

39. Memorandum of Law With Incorporated Points And Authorities

83.

The Constitution of the United States of America, provides that it is only the Congress of the United States who has the authority to create and enact Federal laws.

84.

The Controlled Substance Act, 84 Stat. 1242, 1296, has not been promulgated in the Federal Register.

85.

The Controlled Substance Act, 84 Stat. 1242, 1296, fails to possess any published implementing regulation in the Code of Federal Regulations.

86.

There is no amendment to the Constitution ratified by three fourths of the sovereign states to provide for nationwide jurisdiction and application of the Controlled Substance Act, 84 Stat. 1242, 1296.

87.

The undersigned committed no violations of the Federal Interstate Commerce Statute, nor do the Federal Statutory Provisions under which he is indicted contain language which could interpose a commerce nexus. Thus, there is no showing of Federal subject matter jurisdiction.

88.

The locus in quo where the alleged prohibitive acts of the undersigned took place, is a geographical location, not within the Legislative, Territorial or Admiralty jurisdiction of the federal government.

**WHEREFORE,** the court should be compelled to find as a Matter of Law, that the Petitioner committed no alleged prohibitive acts within the Legislative, Territorial, or Admiralty jurisdiction of the Federal United States, or within the reach of the Interstate Commerce Clause Statute. Therefore, the petitioner is unlawfully incarcerated and detained in violation of his secured Constitutional Rights by way of the Judgment of the court, in want of jurisdiction, and the

denial of effective assistance of counsel. Therefore, the Petitioner, by law, <u>must</u> be released and discharged from Federal custody, <u>forthwith</u>.

Dated: _10 - 07_____,2007.

_Maria Lendos_
Mario R. Lendos - Petitioner

## TABLE OF CITATIONS
### as found in the Memorandum of Law

Adams v. United States, DK. No. 97-2263 (2nd Cir. 1998) ............... 1

United States v. Morgan, 346 U.S. 502, 505 (1954) ........................ 1

28 U.S.C. § 88 District of Columbia — Courts ............................ 2

O'Donoghue v. United States, 289 U.S. 516 (1933) ....................... 2

Mookini v. United States, 303 U.S. 201 at 205 (1938) ..................... 2

The Federal Trade Commission v. Klesner, 274 U.S. 145 (1927) .............. 2

Claiborne-Annapolis Ferry Co. v. United States, 285 U.S. 382 (1932) ....... 2

28 U.S.C. § 2241(c)(2)(3) ................................................. 2

Hartford v. Davies, 16 S.Ct. 1051 (1896) ................................. 3

United States v. Beavans, 16 U.S. (3 Wheat) 336 (1818) ................... 3

United States v. Benson, 495 F.2d 481 (1946) ............................ 3

United States v. Rogers, 23 F. 658 (D.C. Ark. 1885) ..................... 3

Fort Leavenworth Railroad Co. v. Iowa, 114 U.S. 525 (1885) ............... 3

40 U.S.C. §§§ 255, 3111, 3112 ............................................ 3

Adams v. United States, 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed 1421 (1943) .. 3

United States v. Johnson, 337 F.2d 180 (affmd), 86 S.Ct. 749, 383 U.S. 169,
15 L.Ed 681 Crt. den., 87 S.Ct. 44, 134 and at 385 U.S. 846, 17 L.Ed.2d 117    4

United States v. Beavans, 16 U.S. (3 Wheat) 336 (1818) ................... 5

3 Wheat at 350, 351 ...................................................... 5

3 Wheat at 386, 387 ...................................................... 5

3 Wheat at 388 ........................................................... 6

People v. Godfrey, 17 Johns 225 N.Y. (1819) .............................. 6

17 Johns, at 233 ......................................................... 6

United States v. Beavens, supra, ........................................ 6

United States v. Cornell, 2 Manson 60, 1 cir. (1819) ..................... 6

**2 Manson, at 63** ........................................................ 7

**New Orleans v. United States,** 36 U.S. 662, 9 L.Ed 573 (10 Pet) (1836) .... 7

**10 Pet., at 737** ........................................................ 7

**New York v. Miln,** 36 U.S. 102, 9 L.Ed 648 (11 Pet.) (1837) .............. 7

**36 U.S. at 133** ........................................................ 7

**36 U.S. at 139** ........................................................ 7

**Pollard v. Hagan,** 44 U.S. 212, 11 L.Ed 565 (3 How) (1845) .............. 8

**44 U.S. at 221, 228, 229** .............................................. 8

**Fort Leavenworth R. Co. v. Iowa,** 114 U.S. 525, 995 (1885) .............. 8

**114 U.S. at 531** ....................................................... 8

**United States v. Fox,** 95 U.S. 670, 672, 24 L.Ed 538 (1877) ............. 9

**Manchester v. Massachusetts,** 139 U.S. 240, 262, 35 L.Ed 159 (1891) ...... 9

**United States v. Flores,** 289 U.S. 137, 151, 77 L.Ed 1086 (1933) ......... 9

**U.S. v. Bedford,** 27 Fed. Case, p.91, 103, Case No. 15,867 (1847) ........ 9

**United States v. Britton,** 108 U.S. 109, 206, 27 L.Ed. 698 (1883) ........ 10

**United States v. Eaton,** 144 U.S. 677, 687, 36 L.Ed 591 (1892) ........... 10

**United States v. Gradwell,** 243 U.S. 476, 485, 61 L.Ed 857 (1917) ........ 10

**Donnelley v. United States,** 276 U.S. 505, 511, 72 L.Ed 676 (1928) ....... 10

**Jerome v. United States,** 318 U.S. 101, 104, 87 L.Ed 640 (1943) .......... 10

**Norton v. United States,** 92 F.2d 753 (1937) ............................ 10

**United States v. Grossman,** 1 F.2d 941, 950-51 (1924) .................... 10

**Pennsylvania v. Wheeling & Belmont Bridge Co.,** 54 U.S. 518, 563 (1852) ... 10

**United States v. Worrall,** 2 U.S. 384, 391, 1 LE 426, 2 Dall (1798) ...... 10

**28 U.S.C. § 453** ....................................................... 11

**18 U.S.C. § 1621** ...................................................... 11

**T.M. Cooley, A Treatise on the Constitutional Limitation,** 5th Ed., pp. 54,
55 ...................................................................... 11

**Cohens v. Virginia**, 19 U.S. 264, 404 (6 Wheat), 5 L.Ed 257 (1821) ........ 11

**20 Am.Jur.2d. § 60 , pg. 451** ............................................. 11

**20 Am.Jur.2d. § 63** ...................................................... 12

**20 Am.Jur.2d. §66** ...................................................... 12

**Davis v. Rogers**, 1 Houst (del) 44 ...................................... 12

**Hagans v. Lavine**, 415 U.S. 528, 39 L.Ed.2d 577 (1974) ................... 12

**Ex Parte, McCardle**, 74 U.S. 506, 19 L.Ed 264 (1869) ..................... 13

**Marbury v. Madison**, 1 Cranch 137, 173-180, 2 L.Ed. 60 (1803) ............ 13

**Mitchell v. Maurer**, 293 U.S. 237, 244, 79 L.Ed 338, 55 S.Ct. 162 (1934) .. 13

**Judice v. Vail**, 430 U.S. 327, 331, 332, 51 L.Ed.2d 376 (1977) ........... 13

**Bender v. Williamsport Area School Dist.**, 475 U.S. 534, 89 L.Ed.2d 501, 106

S.Ct. 1326 (1986) ..................................................... 13

**United States v. Corrick**, 298 U.S. 435, 440, 80 L.Ed 1263 (1936) ......... 13

**Summer v. Mata**, 449 U.S. 539, 547-48 n.2, 66 L.Ed 722 (1981) ............. 13

**City of Kenosha v. Bruno**, 412 U.S. 507, 511, 37 L.Ed.2d 109 (1973) ....... 13

**Clark v. Paul Gray, Inc.**, 306 U.S. 583, 588, 83 L.Ed 1001 (1939) ......... 13

**St. Paul Mercury Indemnity Co. v. Red Cab Co.**, 303 U.S. 283, 287-288 n.10,

82 L.Ed 845, 58 S.Ct. 586 (1939) ...................................... 13

**Marbury v. Madison**, 5 U.S. 137, 176-78, 1 Cranch 137 (1803) ............. 14

**Bell v. Maryland**, 378 U.S. 266, 224, 12 L.Ed.2d 822 (1964) .............. 14

**Standard v. Olesen**, (1954, US) 98 L.Ed 1151, 74 S.Ct. 768 ............... 14

**Rosenbaum v. Bauer**, 120 US 450, 30 L.Ed 743, 7 S.Ct 633 (1887) ........... 14

**46 Am.Jur.2d − Judgments § 25** .......................................... 15

**Am.Jur.2d − Courts § 115** ............................................... 15

**Rhode Island v. Massachusetts**, 37 U.S. 657, 9 L.Ed 1233 (1838) ........... 15

**Adams v. United States**, 319 US 312, 87 L.Ed 1421, 63 S.Ct 1122 (1943) .... 15

Am.Jur.2d. — Courts § 60 ............................................. 15

Old Wayne Mut. Life Asso. v. McDonough, 204 US 8 (1907) ................. 15

21 USCS § 841(a)(1) ...................................................... 16

Rule 54(c) — F.R.Crim.P .................................................. 16

Legislative History, H.R. Rep.91-1444, U.S. Code Cong. & Admin. News ..... 16

84 Stat. 1242-1296, 21 U.S.C. § 801 ..................................... 16

United States v. Rosenberg, 515 F.2d 190, at 193 (1975) ................. 17

United States v. Moore, 423 US 122, 46 L.Ed.2d 333 (1975) .............. 17

United States v. Brown, 333 US 18, 92 L.Ed 442 (1948) ................... 17

Meyer v. United States, 175 F.2d 45 (2nd Cir. 1949) ..................... 17

Lewellyn v. Haribson, 31 F.2d 740 (3rd. Cir. 1929) ...................... 17

United States v. Nunez, 573 F.2d 769 (2nd Cir. 1978) .................... 18

Stirone v. United States, 361 U.S. 212, 4 L.Ed.2d 252 (1960) ............ 18

Brecht v. Abrahamson, 507 US 619, 123 L.Ed.2d 353 (1993) ................ 18

Engle v. Issac, 456 US 107, 71 L.Ed.2d. 783 (1982) ...................... 19

United States v. Enmons, 410 US 396, 411-12, 35 L.Ed.2d 379 (1973) ....... 19

United States v. Bass, 404 U.S. 336, 349, 30 L.Ed.2d 488 (1971) .......... 19

Narcotics Penalties and Enforcement Act of 1986 ......................... 19

A.L.A. Schecter Poultry Corp. v. U.S., 295 US 495, 550, 79 L.Ed. 1570, 55

S.Ct. 837, 97 ALR 947 (1935) ............................................ 19

United States v. Atkinson, 513 F.2d 38, 40 (4th Cir. 1975) .............. 20

United States v. Scales, 464 F.2d 371, 375 (6th Cir. 1972) .............. 20

United States v. Lopez, 459 F.2d 949, 952-53 (5th Cir. 1972) ............ 20

United States v. Stillo, 57 F.3d 553, 558 n.2 (7th Cir. 1995) ........... 21

United States v. Visman, 919 F.2d 1390 (9th Cir. 1990) .................. 21

United States v. Bramble, 894 F.Supp 1384 (D.Hawai'i 1995) .............. 21

United States v. Gonzales, 893 F.Supp 935 (S.D.Cal. 1995) ............... 21

United States v. Knowles, 29 F.3d 947, 952 (5th Cir. 1994) ............. 21

Meyer v. United States, 175 F.2d 45, 47 (2nd Cir 1949) ................. 22

Lewellyn v. Nunez, 573 F.2d 769 (2nd Cir. 1978) ........................ 22

C.I.R. v. Ridgeway's Estates, 291 F.2d 257 (3rd Cir. 1961) ............. 22

United States v. Cruikshank, 92 US 542, 558, 23 L.Ed 588, 593 (1876) ..... 22

United States v. Simmons, 96 US 360, 362, 24 L.Ed 819, 820 (1878) ........ 22

United States v. Carll, 105 US 611, 612, 26 L.Ed 1135 (1882) ............. 22

U.S. v. Hess, 124 US 483, 487, 31 L.Ed 516 (1888) ....................... 22

Pettibone v. U.S., 148 US 197, 37 L.Ed 419 (1893) ...................... 22

Blitz v. U.S., 153 US 308, 38 L.Ed 725 (1894) .......................... 22

Keck v. U.S., 172 US 434, 43 L.Ed 505, 507 (1899) ...................... 23

Morissette v. U.S., 342 US 246, 270 n.30, 96 L.Ed 288 (1952) ........... 23

U.S. v. Petrillo, 332 U.S. 1, 10, 11, 91 L.Ed 1877, 1884-85 (1947) ....... 23

Hamling v. U.S., 418 US 87, 41 L.Ed.2d. 590 (1974) ..................... 23

U.S. v. Pupo, 841 F.2d 1235 (4th Cir. 1988) ........................... 23

U.S. v. Hooker, supra, at 841 F.2d 1225 (4th Cir. 1988) ................ 23

Criminal Procedure from Arrest to Appeal 243, Orfield .................. 23

Ex parte, Bain, 121 US 1, 30 L.Ed 849 (1887) .......................... 23

United States v. Norris, 281 US 619, 74 L.Ed 1076, (1930) ............. 23

Stirone v. United States, 361 US 212, 4 L.Ed.2d 252 (1960) ............ 23

Reorganization Plan No.2 of 1973 ...................................... 24

80 Stat 396 §906(d) ................................................... 24

44 USCS § 1505(a) et seq. ............................................. 24

21 C.F.R. § 1311.02(h), 4-1-95 Ed. .................................... 24

84 Stat. 1285, 21 U.S.C.S. §951 ....................................... 25

21 U.S.C.S. § 822-823 .................................................. 25

Fed. Reg. Vol.38, #131 (Tuesday 7-10-73) @ 18381 ...................... 25

21 U.S.C.S § 878-879 .................................................. 25

21 U.S.C.S. § 880 ..................................................... 25

21 U.S.C.S. § 875 ..................................................... 25

21 U.S.C.S. § 881 ..................................................... 25

Slaughter House Cases, 83 US 36, 21 L.Ed 394 (1873) ................... 26

United States v. Dewitt, 76 US 41, 19 L.Ed 593 (1870) ................. 26

Gibbons v. Ogden, 22 US 1, 6 L.Ed 23 (1824) .......................... 26

Keller v. United States, 213 US 138, 52 L.Ed 737 (1909) .............. 26

People v. Godfrey, 17 Johns 225, at 233 (N.Y. 1818) .................. 26

United States v. Beavans, 3 Wheat 336 (1818) ......................... 26

Adams v. United States, 319 US 312 (1943) ............................ 26

Caha v. United States, 152 US 211, 38 L.Ed 415 (1894) ................ 26

Five Flags Pipe Line Co. v. Dept. of Trans. 854 F.2d 1438, 1440 (1988) . 26

Stephan v. United States, 319 US 415, 426 (1943) ..................... 26

Murrell v. Western Union Tel Co., 160 F.2d 787, 788 (1947) ........... 26

United States v. Mercury Group Corp., 83 F.2d 178, 180 (1936) ........ 26

61 Stat. 633, 638-44, 1 USCS § 204(a) ................................ 27

61 Stat 634 § 101 .................................................... 27

Article III § 2 of the Federal Constitution .......................... 27

Foley Bros., Inc. v. Filardo, 336 US 281, 93 L.Ed 680 (1949) ......... 28

Parallel Tables of Authorities and Rules, pg. 741 of the 2003 Index Vol.

to the Code of Federal Regulations ................................... 29

1 C.F.R. § 8.5(a) .................................................... 29

5 U.S.C.S. § 552 et seq. ............................................. 29

44 USCS §§ 1505 et seq. ............................................. 29

44 USCS 1505(a)(1) ................................................. 29

Hotch v. United States, 212 F.2d 280, 283 (1954) ................... 29

22 C.J.S. Crim. Law, see 17 ........................................ 29

Wei v. Robinson, 246 F.2d 739 (7th Cir. 1957), 355 US 879 .......... 30

Wolfson v. United States, 492 F.2d 1386 (1974) ..................... 30

Shafer v. United States, 229 F.2d 124 (1956), 351 US 931 .......... 30

Northern States Powers Co. v. Rural Electrification Adm., 248 F.Supp

616 (1965) ......................................................... 30

Fed. Reg. Act § 1, et seq. ......................................... 30

44 USCS § 301 et seq. .............................................. 30

United States v. Merskey, 361 US 431, 438, 4 L.Ed.2d 423 (1960) ...... 30

United States v. Reinis, 794 F.2d 506 (9th Cir. 1986) .............. 30

United States v. Two Hundred Thousand Dollars, 590 F.Supp 866 (S.D. Fl.

1984) .............................................................. 31

26 CFR 601-702(ii) ................................................. 31

United States v. Welden, 377 US 95, 12 L.Ed.2d 152 (1964) .......... 31

Stephen v. United States, 319 US 423 (1943) ....................... 31

Best Foods v. United States, 174 F.Supp 749 (1956) ................. 31

Peart v. The Motor Vessel Bering Explorer, 373 F.Supp 927 (1974) ...... 31

United States v. Nevers, 7 F.3d 59 (5th Cir. 1993) ................. 31

United States v. Larionoff, 431 US 864, 53 L.Ed.2d 48 (1977) ........ 31

Manhattan General Equipment Co. v. Commisioner, 297 US at 134 (1936) .. 31

Neel v. United States, 266 F.Supp 7 at 10 (1966) ................... 31

Western Union Teleg. Co. v. F.C.C., 541 F.2d 346, 354 (3rd Cir. 1976) . 32

Mourning v. Family Publication Services, Inc., 411 US 356, 369 36 L.Ed.2d

318 (1973) ......................................................... 32

United States v. Mersky, supra. ........................................ 32

United States v. Pupo, 841 F.2d 1235 (4th Cir. 1988) .................. 32

United States v. Young, 730 F.2d 221, 224 (1984) ..................... 32

United States v. McCray, 665 F.2d 664, 678, 679 (5th Cir. 1982) ........ 32

Stirone v. United States, 361 US 212, 4 L.Ed.2d 252 (1960) ............ 32

United States v. Wuco, 535 F.2d 1225 (9th Cir. 1976) .................. 33

Hale v. United States, 89 F.2d 578, 579 (4th Cir. 1937) ............... 33

United States v. Berlin, 472 F.2d 1002, 1007 (2nd Cir. 1973) ........... 33

United States v. Beard, 414 F.2d 1014, 1017 (3rd Cir. 1969) ........... 33

United States v. Lopez, 2 F.3d 1342 (5th Cir. 1993) ................... 33

21 U.S.C.S. §§ 841, 846 ............................................... 33

Arizona v. Manypenny, 451 US 232, 68 L.Ed.2d 58 (1981) ............... 34

United States v. Fessler, 781 F.2d 384, 386 (1986) ................... 34

People v. Godfrey, 17 Johns 225 at 223 ............................... 34

"Lex Loci" ........................................................... 34

Gray v. Blight, 112 F.2d 696 ......................................... 34

Gregory v. Ashcroft, 501 US 452, 115 L.Ed.2d 410 (1991) .............. 34

United States v. Oregon, 366 US 643, 649, 6 L.Ed.2d 575 (1961) ........ 35

Case v. Bowles, 327 US 92, 102, 90 L.Ed 552 (1946) ................... 35

Oklahoma ex rel. Phillips v. Guy F. Atkinson Co., 313 US 508, 534, 85 L.
Ed. 1487 (1941) ...................................................... 35

United States v. Darby, 312 US 100, 124, 85 L.Ed. 609 (1941) .......... 35

3.j. Story Commentaries on the constitution of the U.S. 752 (1833) ..... 35

United States v. Mechanik, 475 US 66, 89 L.Ed.2d 50 (1989) ........... 35

United States v. Hooker, 841 F.2d 1225 (4th Cir. 1988) ............... 35

Orfield Criminal Procedure from arrest to appeal, 243. ............... 35

Doctrine of Stare Decisis ............................................. 36

**Arizona v. Rumsey**, 467 US 203, 212, 81 L.Ed.2d (1984) .................. 36

**Oregon v. Kennedy**, 456 US 667, 691, 692 n.34, 72 L.Ed.2d 416 (1982) ....... 36

**21 USCS §§ 841 and 842** ......................................... 36

**United States v. Lopez**, No. 93–1260 ................................. 36

**McCullough v. Maryland**, 4 Wheat 316 (1819) .......................... 36

**Gibbons v. Ogden, supra** at 195 .................................... 36

**Marbury v. Madison**, 1 Cranch 137, 177 (1803) ........................ 36

**Title 18 § 3551** .................................................. 37

**Parallel Tables of Authorities and Rules, 2003 Ed. at pg. 769** ............. 37

**43 C.F.R. 9260–public lands Alaska** ................................. 37

**36 C.F.R. 242–subsistence management regulations for public lands, Alaska** . 37

**50 C.F.R. 100** ................................................... 37

**Rule 54(c) Federal Rules of Criminal Procedure** ....................... 37

**42 C.J.S. Indictment & Informations § 1 p.833** ........................ 37

**22 Corpus Juris Secundum, "Criminal Law" § 324 p.390** ................. 37

**Hooker v. Boles**, 346 F.2d 285, 286 (1965) ............................ 37

**22 Corpus Juris Secundum, "Criminal Law" § 150 p.183** ................. 39

**Voorhees v. Jackson**, 35 US 449, 475 (1836) ........................... 39

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

MARIO R. LENDOE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE PR

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 13334-026

**DEFENDANTS**

USAG, ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRAC...

Case: 1:07-cv-01898
Assigned To : Urbina, Ricardo M.
Assign. Date : 10/19/2007
Description: Habeas Corpus/2255

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
   Plaintiff

☐ 3 Federal Question
   (U.S. Government Not a Party)

☒ 2 U.S. Government
   Defendant

☐ 4 Diversity
   (Indicate Citizenship of Parties
   in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency
Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
     Administrative Agency is Involved)

**☐ D. Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or
     defendant
☐ 871 IRS-Third Party 26
     USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of
     Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
     Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
     Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt
     Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
     Exchange
☐ 875 Customer Challenge 12 USC
     3410
☐ 900 Appeal of fee determination
     under equal access to Justice
☐ 950 Constitutionality of State
     Statutes
☐ 890 Other Statutory Actions (if not
     administrative agency review or
     Privacy Act

| **G.** *Habeas Corpus/2255* | **H.** *Employment Discrimination* | **I.** *FOIA/PRIVACY ACT* | **J.** *Student Loan* |
|---|---|---|---|
| ☒ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| **K.** *Labor/ERISA (non-employment)* | **L.** *Other Civil Rights (non-employment)* | **M.** *Contract* | **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2241 - Writ of Habeas Corpus

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES  ⊙ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)   ☐ YES  ⊙ NO   If yes, please complete related case form.

**DATE** 10.19.07   **SIGNATURE OF ATTORNEY OF RECORD**   NCD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.**   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.