UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIO R. LENDOS,                        :
                                        :
        Petitioner,                 :
                                        :
        v.                          :   Civil Action No.:   07-1898 (RMU)
                                        :
ATTORNEY GENERAL                        :
OF THE UNITED STATES,                   :
                                        :
        and                         :
                                        :
HARLEY G. LAPPIN,                       :
in his official capacity as Director    :
of the Federal Bureau of Prisons,       :
                                        :
        Defendants.                 :

## MEMORANDUM ORDER

### NOTIFYING THE PETITIONER OF INTENT TO CONSTRUE PETITION AS § 2255 MOTION AND PROVIDING AN OPPORTUNITY TO WITHDRAW OR AMEND THE MOTION

The petitioner pled guilty before the United States District Court for the Central District of Illinois to a charge of violating 21 U.S.C. § 841(a)(1). Pet. at 1.[1] He was sentenced to 175 months on that charge. *Id*. The petitioner brings a petition for common law habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his counsel provided ineffective assistance in failing to raise a jurisdictional challenge to the indictment. *Id*. at 12. He asserts that the indictment was facially deficient and lacking in federal subject-matter jurisdiction. *Id*. As a result, he believes he is currently being held in violation of his constitutional rights. *Id*. at 11.

Although the plaintiff brings his claims pursuant to 28 U.S.C. § 2241, it is § 2255 that allows a federal prisoner to collaterally attack his sentence on the grounds that "the sentence was

---

[1]    For ease of reference, the court will use page numbers as assigned by the CM/ECF system.

imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255. And, it is well "settled in this jurisdiction and elsewhere that § 2255 will lie only to attack the *imposition* of a sentence and that an attack on the *execution* thereof may be accomplished only by way of habeas corpus in the district of confinement," *Hartwell v. United States*, 353 F. Supp. 354, 357 (D.D.C. 1972). Accordingly, and although the petitioner asserts that the court cannot "construe or convert the pleadings into any other statutory provision," *id*. at 13, his claims fall squarely within the ambit of § 2255.

Pursuant to *Castro v. United States*, courts may "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." 540 U.S. 375, 381 (2003) (citing cases). This serves to "avoid inappropriately stringent application of formal labeling requirements" and to "create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Id*. at 381-382 (internal citations omitted). But, a court should provide a *pro se* petitioner notice of its intent to construe a motion as a request for relief pursuant to § 2255, providing warning of the consequences of the recharacterization and an opportunity to withdraw or amend the motion. *Id*. at 382.

The petitioner is hereby notified that once he files an unsuccessful § 2255 motion, he must seek certification from the appropriate circuit court of appeals before filing a successive motion. *Id*. Because the claims before the court are properly characterized as claims for relief pursuant to § 2255, if the court were to rule unfavorably on the petition, the petitioner would have to seek certification before bringing future motions. With this in mind, the court now

affords the petitioner an opportunity to withdraw his motion or, alternatively, to amend his motion to include all claims falling within § 2255.

Accordingly, to provide the petitioner an opportunity to withdraw or modify his petition, it is this 28th day of May, 2008, hereby

**ORDERED** that the petitioner may withdraw or modify his petition on or before July 25, 2008. If the petitioner fails to take action by that date, the court will proceed to rule on the merits of the petition, construed as a motion for relief pursuant to § 2255.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge