**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MARIO R. LENDOS,                                 :
                                                 :
                 Petitioner,                     :        Civil Action No.:      07-1898 (RMU)
                                                 :
           v.                                    :        Document Nos.:         1, 7
                                                 :
                                                 :
ATTORNEY GENERAL *et al*,                        :
                                                 :
                 Respondents.                    :

<u>**MEMORANDUM OPINION**</u>

**DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS; DENYING AS MOOT THE MOTION
FOR AN EXTENSION OF TIME TO AMEND THE PETITION**

The petitioner, who was recently transferred to the Federal Correctional Complex in

Coleman, Florida, moves for an extension of time to amend the petition for a writ of *habeas*

*corpus*.  As the court previously recognized, the petition presents issues reviewable only by the

sentencing court via a motion to vacate under 28 U.S.C. § 2255.  *See* Order (May 28, 2008).

Because the petitioner states that he has had one such petition denied by the United States

District Court for the Central District of  Illinois, *see* Pet. at 3-4, no district court can entertain

his successive petition without authorization.  Pursuant to § 2255, "[a] second or successive

motion must be certified as provided in section 2244," which states that "[b]efore a second or

successive [habeas] application  . . .  is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the

application."  28 U.S.C.  § 2244(b)(3)(A).  The petitioner therefore must seek certification from

the Seventh Circuit to file a successive habeas petition.  *See In re Moore*, 196 F.3d 252, 254

(D.C. Cir. 1999) (holding that "§ 2255 mandates" such certification).

To the extent that the petitioner is seeking relief under the general *habeas corpus* statute,

28 U.S.C. § 2241, this court lacks jurisdiction because the proper respondent in *habeas corpus*

cases is the petitioner's warden or immediate custodian.  *Rumsfeld v. Padilla,* 542 U.S. 426, 438-

39 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998).  "[A] district court may not

entertain a habeas petition involving present physical custody unless the respondent custodian is

within its territorial jurisdiction."  *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C.

Cir. 2004); accord *Rooney v. Secretary of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (noting,

"jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is

located:) (internal citations and quotation marks omitted).  The Middle District of Florida is the

court properly situated to entertain such a petition.

Finding no basis for maintaining this *habeas corpus* action in the District of Columbia,

the court denies the petition, denies as moot the motion for an extension of time and dismisses

the case without prejudice.  An Order consistent with this Memorandum Opinion is separately

and contemporaneously issued this 31st day of March 2009.


                                        RICARDO M. URBINA
                                        United States District Judge